PER CURIAM.
The claimant appeals an order entered by the Unemployment Appeals Commission affirming dismissal of his proceeding for unemployment compensation before the appeals referee and denying a motion to reinstate the proceeding. We affirm.
The claimant filed a claim for unemployment benefits after the termination of his employment with International Typography Services, Inc. Upon the request of the Division of Unemployment Compensation for information on the reason for Osborne’s termination, the employer advised *701 that the claimant had voluntarily quit his employment. The division’s examiner determined the claimant had voluntarily left his employment without good cause attributable to his employer and was therefore disqualified from receiving unemployment compensation benefits. The claimant timely appealed that determination following which an evidentiary hearing was set before an appeals referee. During that proceeding the claimant stated: “I want to drop all proceedings.” As a consequence, the referee entered the following finding: “The claimant has stormed out of the room, and I will take this as a withdrawal because he didn’t want to go further with these proceedings.” The referee then entered a decision dismissing claimant’s appeal as being voluntarily withdrawn.
The claimant timely appealed the dismissal decision to the Unemployment Appeals Commission which affirmed the appeals referee’s decision relying upon Rule 38E-5.022, Florida Administrative Code which provides for an appellant’s oral withdrawal of appeal at the time of the hearing, when made on the record and followed by the appeals referee’s written decision dismissing the appeal.
Subsequently, appellant petitioned the commission for what was in effect reinstatement of his appeal. To that end, he asserted that his employer had given misinformation to the division regarding the circumstances surrounding his separation from employment. We conclude that regardless of the validity of that assertion, it is of no aid to appellant in his effort to have his claim reinstated. Rule 38E-5.-017(3) of the Florida Administrative Code provides for the discretionary reinstatement of an appeal by the referee where the referee is petitioned to reinstate the claim and where the withdrawal request was made as a result of misinformation or coercion. This rule was not strictly applicable to the present case because appellant petitioned the commission rather than the referee. Nonetheless, had the appeal been properly presented to the appeals referee, it would have been unavailing to this claimant because he did not show that he was lulled into dismissing his appeal by misinformation or coercion.
Accordingly, the decision of the commission is affirmed.