633 So.2d 1182 (1994)
Arthur RIEGLER, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, and Sears Roebuck and Company, Appellees.
No. 92-2994.
District Court of Appeal of Florida, Fourth District.
March 23, 1994.
Gerald Kornblum and Rena J. Taylor of Legal Aid Soc. of Palm Beach County, Inc., West Palm Beach, for appellant.
William T. Moore and John D. Maher, Tallahassee, for appellee-Unemployment Appeals Com'n.
RAMIREZ, JUAN, JR., Associate Judge.
This is an appeal from an administrative order of the Unemployment Appeals Commission upholding the denial of review of appellant's unemployment claim. We affirm.
Appellant, Arthur Riegler, was employed at Sears Roebuck and Company from September 1990 to November 1991. Following his termination, he sought unemployment compensation. On February 7, 1992, he was denied benefits for two reasons: (1) that appellant's reason for quitting was not attributable to his employer, and (2) that his social security benefits disqualified him from unemployment benefits. Mr. Riegler did not appeal this denial.
More than five months later, on July 13, 1992, appellee mailed a notification to Mr. Riegler that due to a change in Florida law, income from Social Security was not deductible from unemployment compensation benefits effective July 5, 1992. On July 17, 1992, Mr. Riegler sought to reactivate his case by filing a notice of appeal. This appeal was ruled to be untimely.
Appellant argues that he did not appeal the initial determination in February because it would have been pointless, but given the subsequent amendment in the statute he ought to be afforded the opportunity to show he is entitled to benefits now that the law says he may be eligible for them  at least for the period subsequent to July 5, 1992. Although we are sympathetic to appellant's position, we find nothing in the statutes or the case law to authorize a belated appeal.
Appellant's main argument relies on Osborn v. Florida Unemployment Appeals Commission, 548 So.2d 700 (Fla. 3d DCA 1989), rev. denied, 562 So.2d 346 (Fla. 1990), which allowed a discretionary reinstatement where the employee was lulled into dismissing an appeal by misinformation or coercion. But that is not the situation in this case where appellant candidly admits that he was correctly informed of the status of the law in February 1992.
AFFIRMED.
GUNTHER and STONE, JJ., concur.