SHARP, W., J.
Pooser appeals from an order of the Unemployment Appeals Commission which affirmed the dismissal of her proceeding before the appeals referee. We affirm.
Pooser sought unemployment compensation benefits in connection with two former employers during the year 2001. One was Edna’s Place and the other employer was Planet Hollywood. Her claims were denied as to both employers. She appealed, challenging the Planet Hollywood determination. This proceeding relates to the first employer, Edna’s Place.
Both appeals from the unemployment determinations proceeded together to the appeals referee, although it is not clear how or who did that. Two hearings were set for February 6, 2002 — 10:00 a.m. for Edna’s Place and 10:45 a.m. for Planet Hollywood. At the first hearing, Pooser explained the only appeal she took was with regard to Planet Hollywood. She admitted she voluntarily left Edna’s Place because she was not making enough money, but she wanted to claim the hours she worked there.
The appeals referee asked if she wanted to withdraw her appeal as to Edna’s Place. She said she was not interested in appealing the determination on her employment separation from Edna’s Place because: “I did leave there voluntarily. I wasn’t making enough money to.... ”
The appeals referee twice warned Poos-er, “For Edna’s Place it would disqualify you from November 7th and until you earn $3,468 after that. You understand that will stand if you withdraw your appeal, that stands exactly the way it is.”
The appeals referee agreed to the withdrawal and entered a written order approving Pooser’s request to withdraw and dismiss the appeal regarding Edna’s Place. Pooser appealed this decision and requested that the Unemployment Appeals Commission reinstate her appeal. Finding no misinformation or coercion on the part of the appeals referee,[1] the Commission denied reinstatement, and affirmed the withdrawal order. There is no error here. See Osborne v. Florida Unemployment Appeals Commission, 548 So.2d 700 (Fla. 3d DCA 1989), rev. denied, 562 So.2d 346 (Fla.1990).
On appeal to this court, Pooser claims she was fired by Planet Hollywood and initially denied benefits. That determination was reversed, but Pooser asserts she is not receiving benefits because she dismissed her appeal as to Edna’s Place. She claims she was never told she would be disqualified from receiving benefits from Planet Hollywood if she dismissed *644 her case against Edna’s Place, and had she known, she would not have done so. Thus, she reasons, her appeal should be reinstated.
How the two separations from the two employers affect each other is not clear from this record. In any event, we are unable to • see how Pooser is in a worse position as to Planet Hollywood by having her appeal to Edna’s Place withdrawn. Even if the appeals. referee should have warned Pooser about the consequences of letting stand her disqualification “after November 7th until she earned $3,468,” nevertheless, if she had no valid claim against Edna’s Place, the result would have been the same. Under the circumstances we must affirm.
AFFIRMED.
GRIFFIN and ORFINGER, JJ., concur.

. Rule 60BB-5.022 of the Florida Administrative Code provides for the withdrawal and reopening of an appeal:
The appellant may with the approval of the appeals referee withdraw the appeal prior to or at the hearing. If the withdrawal request is made prior to the hearing, it must be in writing and signed by the appellant; if made during the hearing, it must be entered orally on the record. If approved, the referee shall issue a written decision dismissing the appeal; provided, however, the appellant may request reopening of the appeal within 20 days of the date of issuance of the dismissal decision. The referee shall act upon such a request in the manner set forth in Rule 60BB-5.017, F.A.C., regarding reopening the appeals dismissed for nonappearance of the appellant. Notwithstanding those provisions, however, a withdrawn appeal shall be reopened only upon showing that the withdrawal request was made as a result of misinformation from or coercion by the appellee or an employee of the Agency for Workforce Innovation.