PER CURIAM.
Appellant Coon Clothing Co. appeals orders of the Florida Unemployment Appeals Commission denying requests to reopen its appeals. We reverse.
The Florida Division of Unemployment Compensation made administrative determinations that appellees Dennis E. Eggers and Jane S. Eggers were entitled to unemployment benefits. Coon, the former employer, appealed. On August 30, 1989 the Unemployment Compensation Appeals Bureau mailed notices of hearing before an appeals referee for September 12, 1989. The notices required the employer to appear in person in Miami for a hearing, and permitted the Eggers, now residents of Tennessee, to appear by telephone. The notices arrived at the employer’s Marathon, Florida office on September 7, when the company president was out of town. He returned to the office on September 12 and saw the notices for the first time the morning of the hearing. He attempted to reach the referee, and was told that the cases had been dismissed because of the employer’s nonappearance.
The referee’s written orders advised the employer that “the Appeals Referee may for good cause rescind this decision and reopen the appeal, provided that such request is filed ... within twenty (20) calendar days.... ” The employer timely made requests to reopen the appeals, setting forth the circumstances outlined above, and stating the reasons for the employer’s objections to the unemployment benefits in the present case. The requests to reopen were denied and the Unemployment Appeals Commission affirmed, holding that “The employer in this case has failed to establish good cause for nonappearance .... ”
It has long been the public policy of Florida that litigation should, wherever *1358 possible, be resolved on the merits rather than on the basis of a procedural default. Merrill Stevens Dry Dock Co. v. Dozier, 310 So.2d 434 (Fla. 3d DCA 1975). Dismissal is an extreme sanction and should only be imposed as a last resort. Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983).
In the present case the notices actually arrived at the employer’s offices only three working days in advance of the hearing. Where, as here, there is a short absence from the business which results in nonappearance, we think good cause has been shown for reopening of the appeal. See Robinson v. Florida Unemployment Appeals Comm’n, 526 So.2d 198, 200 (Fla. 4th DCA 1988); Pierre v. Oriente Sugar Cane Planting, Inc., 504 So.2d 431 (Fla. 4th DCA 1987); Teater v. Department of Commerce, Board of Review, 370 So.2d 847, 848 (Fla. 3d DCA 1979); Brennan v. Paul Barabas Interiors, 357 So.2d 746 (Fla. 4th DCA 1978); Miami Dolphins, Ltd. v. Florida Dep’t of Commerce, 252 So.2d 396, 397 (Fla. 3d DCA 1971).
The Commission has made no suggestion of any prejudice that would have flowed had the reopening been promptly granted. We are unable to subscribe to the Commission’s view that the facts present here constitute failure to prosecute in the sense in which that term is used in Rule 1.420(e), Florida Rules of Civil Procedure.[1]
We reverse the orders under review and remand with directions to reopen the employer’s appeals.[2]

. The decision in Florida State University v. Jenkins, 323 So.2d 597 (Fla. 1st DCA 1975), involves a factually different situation. Assuming ar-guendo the case is correctly decided, the rule it announces may be workable for large businesses with internal counsel, but not for small businesses or individual claimants.

. By this ruling we do not intimate any view on the merits of the employer's appeals.