WARNER, J.
In this appeal from a final order of the Unemployment Appeals Commission (“U.A.C.”) which affirmed a referee’s denial of appellant’s claim for unemployment compensation, appellant claims that the U.A.C. erred in remanding the case to the referee to determine whether the employer established good cause for a continuance of the hearing at which it did not appear. We hold that the U.A.C. had the authority to remand to the referee for such a hearing and affirm.
Appellant applied for unemployment benefits which were denied by a claims adjuster. Thereafter, appellant requested a hearing before an appeals referee to review the denial of benefits. Although appellant appeared at the hearing, the employer, Broward County (“County”), failed to attend, despite having been sent notice of the hearing. The referee telephoned the claims adjudicator to explain the reason for denial of benefits, and based upon that explanation, the referee determined that benefits were not due to appellant, who did not testify. At some point shortly after the start of the hearing, the County faxed a request for continuance, alleging that due to internal misrouting of the notice of hearing, the employer had failed to appear.
Appellant appealed the referee’s decision to the U.A.C., which reversed because the referee relied on the testimony of the claims adjudicator who had conceded that she could *346 not identify the appellant in person or by voice. In reversing, the U.A.C. also ordered the referee to consider the County’s motion for continuance and to determine whether the employer could establish good cause for its nonappearance. The U.A.C. determined that if the employer could show good cause, it should be granted an opportunity on the merits.
On remand, the referee took testimony from the County as to the reasons for its nonappearance and determined that good cause existed. Consequently, the County was given leave to offer evidence on the merits. Based upon this expanded presentation of the evidence, the referee again determined that appellant did not qualify for benefits. On a second appeal to the U.A.C., this order was also reversed due to the fact that the tape recording of the referee’s hearing was defective, and therefore the U.A.C. was unable to determine whether the order was supported by the record evidence. The U.A.C. remanded the case to the referee to reconstruct the missing portions of the testimony or to have the parties stipulate to the missing contents. After a third hearing, the referee entered an order with extensive findings of fact but still denied appellant benefits. The U.A.C. considered appellant’s appeal and this time affirmed the referee’s determination. This appeal followed.
Appellant’s main contention is that the County’s faxed request for continuance of the hearing was not a proper pre-hearing motion. Therefore, according to appellant’s argument, the U.A.C. had no authority to remand the issue to the referee for the employer to establish good cause as to why the County was not present at the first hearing. Without the remand to the referee to determine whether the employer was excusably absent from the hearing, and then the presentation of the employer’s testimony on the merit, benefits could not be denied to the appellant as there would be a complete absence of testimony to support a denial.
Under the present version of rule 38E-5.017, Florida Administrative Code (1998), which was amended March 1, 1998, an appeals referee can rescind a decision entered after a party’s non-appearance at the request of an appellee. Thus, had the original order of the appeals referee been entered after March 1, 1998, there would have been a procedure in place for the referee to pass on appellee’s request for a continuance. However, under the provision in existence at the time of the order in this ease, only upon written request of an appellant or upon the referee’s own motion could the referee for good cause rescind a dismissal decision and reopen the appeal if the request was filed within 20 days. See Fla. Admin. Code R. 38E-5.017 (1993). The older version of the rule did not enumerate the proper action for the referee to take on an appellee’s motion to rescind a dismissal decision.
Whether or not the appeals referee could reopen the case on its own, we think that Rule 38E-3.002, provides authority to the U.A.C. to remand cases to the referee to take additional evidence:
(1) The review conducted by the Commission shall be limited to matters contained within the official record which was before the appeals referee and such new evidence as is accepted by the Commission pursuant to Rule 38E-3.005.
(2) The Commission may relinquish jurisdiction and direct the taking of additional evidence by appeals referee or other hearing officer. The evidence shall be taken as prescribed by the rule for the taking of evidence in hearings before referees. Unless otherwise directed, jurisdiction shall revert to the Commission for final disposition, [emphasis added]
Because the U.A.C. has the authority to remand to the referee and to direct the taking of additional evidence, we see no jurisdictional impediment for the U.A.C. to remand the case to the referee to determine whether good cause is shown for an employer’s nonappearance at the hearing and to take additional evidence on the merits if the employer was excusably absent from the hearing. Due process is denied when a party is not given a meaningful opportunity to be heard on the merits of an issue. This applies as much to an employer’s right to be heard on the issue as to the employee’s right.
*347 We also hold that the referee did not abuse her discretion in reopening the proceedings to receive the county’s evidence on the merits upon a finding of good cause for the employer’s nonappearance at the hearing, which was due to the misrouting of mail in the County’s offices. Cf. Osborne v. Florida Unemployment Appeals Comm’n, 548 So.2d 700, 700 (Fla. 3d DCA 1989); see also Gateway Am. Bank of Florida v. Lucky Jet Corp., 720 So.2d 1141, 1142-43 (Fla. 4th DCA 1998). Finally, we find no error in the ILA.C.’s affirmance of the referee’s order of disqualification. There was competent, substantial evidence to support the referee’s decision.
Affirmed.
STONE, C.J., and GROSS, J., concur.