761 So.2d 413 (2000)
Alice F. PELLETIER, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION, and Nickos, Inc., Appellees.
No. 2D99-51.
District Court of Appeal of Florida, Second District.
May 19, 2000.
Alice F. Pelletier, pro se.
John D. Maher, Tallahassee, for Appellee Unemployment Appeals Commission.
PARKER, Acting Chief Judge.
Alice F. Pelletier appeals the order of the Unemployment Appeals Commission (UAC) dismissing her appeal which challenged the decision of the appeals referee. We affirm.
On September 30, 1998, the referee mailed Pelletier his decision affirming the denial of her claim for unemployment benefits. The decision specifically stated that Pelletier had twenty days from the date the decision was mailed in which to appeal the referee's decision to the UAC. Unfortunately for Pelletier, she did not file her appeal of the referee's decision until November 5, 1998, long after the twenty-day appeal period provided by section 443.151(4)(b)3, Florida Statutes (1995), had expired. Because the appeal was filed after the twenty-day appeal period had expired, the UAC dismissed Pelletier's appeal as untimely.
Section 443.151(4)(b) contains no exceptions that would permit the UAC to accept a late-filed appeal. It does not provide a "good cause" exception. See Luzier v. Florida Dep't of Commerce, 307 So.2d 503 (Fla. 2d DCA 1975). While there are no statutory exceptions, this court has carved out a limited exception for those cases in which the appellant alleges that the referee's decision was not mailed to the appellant in a timely fashion, *414 thus preventing the appellant from acting within the twenty-day appeal period. See Landrum v. James Rummer Timber Harvesting, Inc., 645 So.2d 577, 578 (Fla. 2d DCA 1994). However, Pelletier did not allege that the referee's decision was not mailed to her in a timely fashion or that she did not receive the referee's decision in time to act within the twenty-day period. Since Pelletier does not fall within this judicial exception to the twenty-day appeal period, the UAC properly dismissed her appeal.
Affirmed.
WHATLEY and SALCINES, JJ., Concur.