GUNTHER, J.
Appellant Neal Brooks timely appeals the UAC’s order affirming the appeals referee’s dismissal of his appeal as untimely. Because the record shows Brooks timely filed his appeal, we reverse and remand for further proceedings.
Brooks quit his job and then sought unemployment compensation benefits. The claims adjudicator denied benefits because “the reason for quitting was not attributable to the employer.” Notice of this determination was sent to Brooks on June 21, 1999. The notice instructed Brooks that this determination wpuld become final unless he filed “an appeal or request for reconsideration” within twenty days.
Brooks received the notice within a couple of days and then called the unemployment compensation office. According to him, his conversation with one of the people there prompted him to send a letter on June 24 or 25. It began, “I am appealing your decision of 6/21/99,” and the text of it makes clear he did not agree with the UAC’s determination he was not entitled to benefits.
Brooks testified that when he did not receive a response, he called the unemployment compensation office and was told they never received his letter of June 24 or 25. According to Brooks, they asked him to fax to*the office the letter he had previously sent, which he did on' July 13. The cover letter stated: • -,
Miss McDonald
As per our conversation I am requesting a redetermination of my unemployment.
I originally mailed out a redertimation [sic] on Juné 25, 1999 at the Boynton Beach Post Office. I checked with your office and was told they never got my redemination [sic].
Please find a letter .detailing my .request.
Attached was the letter he sent on June 25.
The unemployment compensation office treated Brooks’ request as a timely request for redetermination of benefits, and on July 15, mailed him a form that looked nearly identical' to the original notice of determination, except at the top, it said “REDETERMINATION.” This notice of redetermination stated that benefits were not payable and instructed Brooks he could file an appeal or request for redeter-mination within twenty days.
On September 1, 1999, Brooks’ mother wrote a letter to the UAC on his behalf, which the UAC treated as an appeal of the redetermination of benefits. The letter contained language explaining Brooks did not appeal the redetermination of benefits within the twenty days allowed for appeals because his doctor had advised him his medical condition was too frail to withstand an appeal.
The appeals referee found that because the letter was not mailed within the statutory twenty-day limit, Brooks’ appeal was untimely and should be dismissed. The UAC affirmed the appeals referee’s decision. Brooks now appeals to this Court.
*1110 The appeals referee’s decision contains the following findings, from which the appeals referee determined Brooks’ appeal was untimely:
The determination of the claims adjudicator was mailed to the appellant JULY 15, 1999. The appeal was filed by mail postmarked on SEPTEMBER 1, 1999.
These findings have no support in the record.
The record shows that the determination was mailed to Brooks on June 21, 1999. The redetermination, not the determination, was mailed to Brooks on July 15, 1999.
Moreover, the record shows that Brooks filed his appeal of the determination no later than June 25, 1999. Here, Brooks filed a letter on June 24 or 25 requesting an appeal from the determination. The UAC does not dispute that this letter requesting an appeal was timely filed. When he did not hear from the UAC, he called and was told they never received his letter requesting an appeal. He was told to fax to the office the letter he had previously sent (the one requesting an appeal), which he did. Included in his fax was a second letter requesting redetermination, the language of which makes it appear as if an official at the UAC office, Miss McDonald, told him to file a request for rede-termination.
Section 443.151(3)(e)2 provides for an appeal to proceed simultaneously with a request for a redetermination, stating, “In the event that an appeal involving an original determination is pending as of the date a redetermination thereof is issued, such appeal unless withdrawn shall be treated as an appeal from such redetermination.” When the UAC issued a redetermination denying benefits, section 443.151(3)(c)2 was triggered. Because Brooks’ appeal, which was timely filed on June 24 or 25, was still pending on the date the redeter-mination issued and because he never withdrew his notice of appeal, his appeal must be treated “as an appeal from such redetermination.” § 443.151(3)(c)2. For that reason, Brooks’ appeal was timely filed and the case should be reversed and remanded for further proceedings.
REVERSED AND REMANDED.
DELL and SHAHOOD, JJ., concur.