842 So.2d 952 (2003)
Hillary N. GOLDBERG, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, et al., Appellee.
No. 4D01-4519.
District Court of Appeal of Florida, Fourth District.
March 26, 2003.
Rehearing Denied April 29, 2003.
*953 Hillary Nan Goldberg, Delray Beach, pro se.
John D. Maher, Deputy General Counsel, Tallahassee, for appellee.
MAY, J.
The claimant appeals the dismissal of her appeal to the Unemployment Appeals Commission based on untimeliness. We reverse and remand for an evidentiary hearing to determine whether the claimant received the referee's decision in time to appeal in accordance with due process.
The claimant applied for unemployment compensation benefits after she was terminated from her employment. Her claim was denied on May 14, 2001. On May 27, 2001, she appealed the adverse determination. The referee determined that the claimant's refusal to sign a warning notice she believed to be inaccurate was not an "intentional disregard of her employer's interests." The referee reversed the determination of ineligibility.
The claimant's former supervisor then requested a new hearing because she had been unable to find the location and had missed the first hearing. The claimant advised the appeals referee by letter, dated June 28, 2001, that she would be in Michigan from July 15, 2001, to September 30, 2001, or early October. She asked that the new hearing be set accordingly, or that she be able to participate by phone. She included her local and long distance telephone numbers and address in Michigan.
On July 11, 2001, the same appeals referee heard the claimant's case. Both the claimant and her former supervisor were present. This time, the referee upheld the denial of unemployment compensation benefits. Based on the deputy clerk's certificate, a copy of the decision was mailed to the claimant at her last known local address on July 11, 2001.
The decision included the requisite notice that the decision would become final unless a written application for review was mailed within twenty (20) calendar days from the mailing date of the decision. On September 13, 2001, sixty-four days after the decision had been mailed, the claimant appealed the decision. The claimant wrote: "I was out of town because of the birth of a new family member. My mail was not forwarded, and I just recently read the decision, which surprised me greatly." The Unemployment Appeals Commission dismissed the claimant's appeal as untimely filed.
Due to the compulsory language of the applicable rule and statute and the administrative nature of the agency, the Unemployment Appeals Commission had no choice but to dismiss the appeal. This court and others are not bound by the same restrictions. We "have created exceptions to the rule and the statute in certain individual circumstances." Holmes v. City of West Palm Beach, 627 So.2d 52, 53 (Fla. 4th DCA 1993); Livingston v. Unemployment Appeals Comm'n, 620 So.2d 1103 (Fla. 4th DCA 1993); Robinson v. Unemployment Appeals Comm'n, 526 So.2d 198 (Fla. 4th DCA 1988).
Here, the claimant notified the Commission of her absence from her residence in *954 advance of the hearing. She provided the Commission with an alternative address during her absence from the state. While the mailing date may have allowed for the decision to reach the claimant prior to her departure, this fact cannot be assumed. We therefore reverse and remand this case for an evidentiary hearing to determine whether the claimant received the decision in time to file an appeal in accordance with procedural due process. If it is determined that she did not, then she should be afforded that opportunity.
REVERSED and REMANDED.
STEVENSON and GROSS, JJ., concur.