855 So.2d 266 (2003)
Osiel GUERRERO, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Unicity Imports Corporation, Appellee.
No. 3D02-2325.
District Court of Appeal of Florida, Third District.
October 1, 2003.
*267 Osiel Guerrero, in proper person.
John D. Maher, Tallahassee, for appellee Commission.
Before COPE, FLETCHER and WELLS, JJ.
WELLS, J.
Osiel Guerrero appeals from an order of the Florida Unemployment Appeals Commission (UAC) dismissing as untimely, his appeal from an administrative decision denying unemployment compensation benefits. We reverse.
On January 13, 2002, Guerrero filed a claim for unemployment benefits alleging that he had been terminated for absenteeism when he returned from an authorized leave. A telephonic hearing subsequently was noticed and held before a UAC hearing referee. Guerrero failed to attend that hearing, and on February 5 his claim for benefits was denied on a finding that he had been terminated for absenteeism. The referee's decision denying benefits expressly stated that Guerrero had 20 days to appeal the referee's decision. That order, like the notice of the hearing before the referee, was mailed to the address provided by Guerrero on his benefits claim form and which he has continued to use throughout these proceedings and those below.
Within 20 days of the February 5 order (on February 19), Guerrero submitted a letter to the UAC explaining that his absence from work had been authorized by his employer. The UAC treated this letter as a timely appeal from the referee's February 5 order and set a hearing before an appeals referee. Notice of this hearing was sent to the same address provided and used by Guerrero. When Guerrero failed to attend this hearing, his appeal was dismissed for lack of prosecution.
The dismissal order clearly informed Guerrero that he had 20 days in which either to file a request to reopen the case upon a showing of good cause for failure to attend the hearing before the appeals referee, or to appeal the decision to the UAC. Guerrero did neither within the 20 day time frame allotted. Instead, on June 7, Guerrero filed a request for employment appeals commission review in which he stated that he had "never [been] contacted to appear" at the initial hearing before the referee, and that he had not timely appealed because he "was never contacted." Additionally, Guerrero stated that this was *268 his third correspondence with the UAC in an attempt to appeal "his case." He also attached a letter stating:
TO WHOM IT MAY CONCERN:
IN THE FOLLOWING LETTER THAT I AM SENDING TO YOU BECAUSE AS OF 1-13-02 I HAVE A CLAIM WITH THE UNEMPLOYMENT TO RECEIVE BENEFITS SINCE I HAVE BEEN UNEMPLOYED. THE LAST TIME I HEARD WAS THAT MY EMPLOYER DID NOT WANT TO PAY THE BENEFITS. I HAVE SINCE SENT OUT 2 PRIOR LETTERS OF APPEAL, AND UNTIL THIS MOMENT I HAVE NOT HEARD A RESPONSE FROM YOU. I HAVE TRIED TO COMMUNICATE MY SITUATION WITH YOU AND I HAVE FAIL [SIC] IN MY MISSION. IN THIS NEW OPPORTUNITY I AM SENDING TO YOU ABOUT THIS SITUTION THAT HAS NOT BEEN RESOLVED AND WOULD LIKE FOR YOU TO ANALYZE MY CASE BECAUSE I HAVE NOT RECEIVED ANY CHECKS. I HAVE BEEN MANY MONTHS WITHOUT WORK [SIC] I HAVE BEEN TRYING TO LOOK FOR WORK BUT I HAVE NOT FOUND ANY. I WAS FIRED FOR NO GOOD REASON [SIC] I WOULD LIKE FOR YOU TO INVESTIGATE MY CASE. I HAVE 3 CHILDREN [SIC] A WIFE AND A HOME TO TAKE CARE OF [SIC] I JUST WANT THE FUNDS THAT I DESERVE.
Based on this notice and letter, the UAC notified Guerrero that it was going to review the appeal to determine whether it was timely filed. Guerrero was advised by separate notice, sent to the original address provided and which appeared on Guerrero's June 7 request for appeal and letter, that although his appeal was untimely, that he had ten days to "show cause why his appeal should not be dismissed" by providing "information relevant to ... the reason for the apparent late appeal." No such information was forthcoming from Guerrero, and, on July 29, 2002, UAC dismissed his appeal and notified him, again at the same address, that the decision of the UAC could be appealed to this court within 30 days. Guerrero has timely appealed from that decision.
Guerrero argues here that he was never accorded an opportunity to defend his claim for benefits and that he never received a response to his claim for benefits. We therefore reject the UAC's argument that Guerrero has never claimed lack of notice of the referee's hearing and decision. While somewhat in-artfully stated, that is precisely what he argues here.
Under section 443.151(4)(b)3 of the Florida Statutes, an aggrieved party has twenty days after mailing or delivery of a referee's decision to initiate an appeal with the UAC. Failure to perfect an appeal within twenty days subjects a claim to dismissal under Florida Administrative Code Rule 60BB-7.006. There are no good cause exceptions to this dismissal rule. See Espinosa v. Cableoptics, Inc., 807 So.2d 195, 196 (Fla. 3d DCA 2002); Creech v. Orlando Leasing Sys., 765 So.2d 223 (Fla. 2d DCA 2000); Linderman v. K.B. Beach Suites, Ltd. PTR, 751 So.2d 1262 (Fla. 3d DCA 2000); Delgado v. Concentrated Chem. Co., 644 So.2d 173 (Fla. 3d DCA 1994); Florida State University v. Jenkins, 323 So.2d 597 (Fla. 1st DCA 1975). Where, however, a party claims that a referee's decision was either untimely mailed or not received, appellate courts have held, on due process grounds, that the claimant was entitled to an evidentiary hearing on the timeliness issue. Applegate v. National Health Care Affiliates, Inc., 667 So.2d 332 (Fla. 1st DCA 1995)(remanding *269 on due process grounds for an evidentiary hearing on whether a decision was timely mailed and received); Landrum v. James Rummer Timber Harvesting, Inc., 645 So.2d 577 (Fla. 2d DCA 1994)(remanding on due process grounds for an evidentiary hearing on whether claimant timely received a referee's decision); Robinson v. Morrison, Inc., 501 So.2d 1323 (Fla. 4th DCA 1986)(remanding for a hearing to determine whether claimant received notice of a decision).
Guerrero claims that he never received notice of the initial referee's hearing or the referee's decision. In order to ensure that Guerrero received procedural due process, we remand for an evidentiary hearing. If it is determined that Guerrero did not receive notice of the decision, he should be afforded the opportunity to appeal and if he received no notice of the hearing before the referee, to present his case.[1]
Reversed and remanded.
NOTES
[1] The UAC should note that Guerrero requires a translator and that one should be provided for the evidentiary hearing. The UAC is also urged to provide sufficient notice, at least two weeks, of the evidentiary hearing.