868 So.2d 595 (2004)
ACCORD HUMAN RESOURCES OF FLORIDA, III, INC., Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, et al., Appellee.
No. 5D02-3511.
District Court of Appeal of Florida, Fifth District.
March 5, 2004.
*596 James H. Fallace and Jesse L. Kabaservice of Fallace & Larkin, L.C., Melbourne, for Appellant.
Christopher L. Nuland of Law Offices of Christopher L. Nuland, Jacksonville, for Appellee, Adam D. Koenigsberg, M.D.
No Appearance for Appellee, Unemployment Appeals Commission.
THOMPSON, J.
Accord Human Resources of Florida, Inc, and Florida Eye Associates (collectively, the "employers"), the employers of Dr. Adam Koenigsberg, appeal a final order rendered by the Unemployment Appeals Commission ("UAC") reversing an appeals referee's decision that Koenigsberg's termination was based on misconduct in connection with his employment. We affirm.
The employers argue that in overturning the referee's decision, the UAC reweighed the facts. We disagree. The referee determined:
The claimant was counseled on December 10, 2001, and instructed to produce a written plan that would outline how the claimant would resolve the problems occurring with co-workers. The claimant produced a letter to the employer on 19 December 2001, that outlined several areas that he felt were problems in the office and why he felt they were problems. The claimant was informed on December 24, 2001, that the letter was not sufficient and that he had until December 27, 2001, to produce the written plan that had been ordered on December 10, 2001. On December 27, 2001, the claimant informed the employer that he was not going to address the issues, in writing or verbal, without the advise [sic] of his attorney. The claimant did not produce a plan. The claimant was discharged on December 31, 2001, due to his failure to produce the written plan of action.

*597 * * *
The employer contends that there were a multitude of reasons for the dismissal. However, the employer's testimony clearly showed that had the claimant produced a plan of action, he would have continued his employment. The other problems on the job may have contributed to the decision to discharge. However, the referee has accepted the evidence that the claimant was discharged due to his failure to produce a written plan of action, as instructed by his employer, as reason for dismissal.

(emphasis supplied).
Based on the referee's specific findings of fact, that Koenigsberg was discharged from employment for failure to submit to a written corrective plan, the UAC concluded that the referee's decision was not in accordance with the law:
The claimant was discharged after he advised the employer that he would not resubmit a written plan of action without the advice of his attorney. The referee held that the employer was within its right to require the claimant to submit such a plan and concluded that the claimant was insubordinate when he refused to produce the document. The record reflects, however, that the claimant had provided a document in response to the employer's first directive that his attempt was not acceptable, the claimant asked for a few days' extension of the deadline to file his response because his attorney was out of town on vacation. It was not unreasonable for claimant to seek his attorney's advice; therefore, his failure to resubmit the corrective action document was not an intentional disregard of his duties and obligations to the employer amounting to misconduct within the meaning of the law.
As the above-quoted makes clear, the UAC accepted the referee's findings of fact, but disagreed regarding their legal effect. It was within the UAC's authority to reach a different conclusion of law. Szniatkiewicz v. Unemployment Appeals Commission, 864 So.2d 498 (Fla. 4th DCA 2004). The UAC concluded that the failure to submit a written plan was not misconduct and that it was reasonable for Koenigsberg to refrain from submitting a plan until after he sought the advice of his attorney. The standard of review of a UAC's interpretation of law is whether the interpretation is clearly erroneous, Romanenko v. Unemployment Appeals Commission, 763 So.2d 1288 (Fla. 5th DCA 2000), and in this instance, we find no error.
In the alternative, the employers argue that Koenigsberg's conduct during the course of his employment was misconduct sufficient to warrant a denial of benefits. Essentially, this argument is a request that the referee's fact findings be rejected. While an agency may reject a hearing officer's conclusions of law, neither an administrative agency nor a reviewing court may reject an administrative hearing officer's findings of fact as long as those findings are supported by competent, substantial evidence. Lucido v. Unemployment Appeals Commission, 862 So.2d 913 (Fla. 4th DCA 2003). In Jackson v. Unemployment Appeals Commission, 730 So.2d 719 (Fla. 5th DCA 1999), this court stated that a reviewing court is to determine:
Whether the referee's findings of fact were based on competent, substantial evidence in the record and whether the proceedings on which the findings were based complied with the essential requirements of the law. In reviewing whether the record contains competent, substantial evidence to support the appeals *598 referee's findings, the reviewing court may not make determinations as to credibility or substitute its judgment for that of the referee. Thus, the appeals referee's decision must be upheld where there is competent substantial evidence to support it. The basis for this is that the hearing officer or appeals referee in an administrative proceeding is the trier of fact, and he or she is privileged to weigh and reject conflicting evidence.

Id. at 721 (emphasis supplied).
In the instant case, despite testimony that Koenigsberg was discharged not only for his failure to submit a corrective plan, but for numerous additional reasons, there was competent, substantial evidence supporting the referee's finding that Koenigsberg was discharged because he failed to submit a corrective plan. Although the evidence may have supported findings contrary to those made by the referee, the UAC and this court are bound by the referee's findings of fact and cannot reweigh evidence or substitute our own findings. Id.; Brown v. Unemployment Appeals Commission, 820 So.2d 457 (Fla. 5th DCA 2002).
Finally, the employers contend that they were denied due process because neither the attorney for one of the employers (Accord) nor the other employer (FEA) received notice of Koenigsberg's request for review by the UAC. We find this argument to be without merit because the UAC sent notice to Accord. Additionally, while section 443.151(4)(b)(1)-(3), Florida Statutes, requires appeals referees to provide notices of hearings, there is no similar requirement for the UAC. See § 443.151(4)(c), Fla. Stat.
AFFIRMED.
MONACO, J., concurs.
GRIFFIN, J., concurs specially in result only.