PER CURIAM.
We reverse the order dismissing Abreu’s appeal from the appeal referee’s order denying unemployment compensation benefits. Abreu’s communications with the Commission demonstrate that he did not receive notice of the hearing, nor any other document thereafter. Hence, the record does not contain competent substantial evidence to support the Commission’s finding that Abreu’s appeal was untimely. Guerrero v. Fla. Unemployment Appeals Comm’n, 855 So.2d 266 (Fla. 3d DCA 2003); Applegate v. Nat’l Health Care Affiliates, Inc., 667 So.2d 332 (Fla. 1st DCA 1995); Landrum v. James Rummer Timber Harvesting, Inc., 645 So.2d 577 (Fla. 2d DCA 1994). In order to ensure that Abreu’s due process rights are observed, we remand for an evidentiary hearing on this issue. If the Commission determines that Abreu did not receive notice of the decision, his appeal shall be allowed to proceed. Guerrero.
*918 Reversed and remanded for an eviden-tiary hearing.