876 So.2d 1217 (2004)
Luis A. LOPEZ, Appellant,
v.
AMERICAN AIRLINES and Florida Unemployment Appeals Commission, Appellees.
No. 3D03-1129.
District Court of Appeal of Florida, Third District.
June 9, 2004.
Rehearing Denied July 14, 2004.
Luis A. Lopez, in proper person.
John D. Maher, Tallahassee, for appellee, Florida Unemployment Appeals Commission.
Before SHEVIN, RAMIREZ and WELLS, JJ.
PER CURIAM.
Luis Lopez appeals an order of the Florida Unemployment Appeals Commission dismissing as untimely Mr. Lopez's appeal of the referee's decision denying him benefits. We affirm.
The Commission correctly dismissed the appeal as Mr. Lopez did not file his appeal within twenty days of the date that the referee's decision was mailed to him. § 443.151(4)(b)3, Fla. Stat. (2003). See Venero v. Winn Dixie Stores, Inc., 826 So.2d 495 (Fla. 3d DCA 2002). In addition, Mr. Lopez is not entitled to an evidentiary hearing on the timeliness issue. See Espinosa v. Cableoptics, Inc., 807 So.2d 195 (Fla. 3d DCA 2002); Suarez v. Unemployment Appeals Comm'n, 871 So.2d 1039 (Fla. 5th DCA 2004). In some cases, where "a party claims that a referee's decision was either untimely mailed or not received, appellate courts have held, on due process grounds, that the claimant was entitled to an evidentiary hearing on the timeliness issue." Guerrero v. Fla. Unemployment Appeals Comm'n, 855 So.2d 266, 268 (Fla. 3d DCA 2003); Abreu v. Krama Constr. Inc., 870 So.2d 917 (Fla. 3d DCA 2004); Frederick v. Fla. Unemployment Appeals, 834 So.2d 957 (Fla. 3d DCA 2003); Goldberg v. Unemployment Appeals Comm'n, 842 So.2d 952 (Fla. 4th DCA 2003). Here, however, Mr. Lopez does not assert that he never received the referee's decision or that he received it too late to file a timely appeal. See Gutierrez v. Fla. Unemployment Comp., 837 So.2d 609 (Fla. 3d DCA 2003). Accordingly, the order is affirmed.
Affirmed.