881 So.2d 89 (2004)
Mark THURMAN, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 1D03-0525.
District Court of Appeal of Florida, First District.
August 24, 2004.
*90 Appellant, pro se.
Geri Atkinson-Hazelton, General Counsel, and John D. Maher, Deputy General Counsel, Unemployment Appeals Commission, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Mark Thurman, appeals from an order of the Florida Unemployment Appeals Commission (UAC) dismissing as untimely his appeal from an administrative decision denying unemployment compensation benefits. We affirm.
Appellant submitted an Internet application for unemployment benefits. On the application he listed his address as "POB 50541, Jacksonville, FL 32245." Thereafter, the claims adjudicator determined that appellant was discharged for misconduct connected with his work, and was therefore disqualified from receipt of unemployment benefits. The document setting forth the adjudicator's determination states that the notice was mailed October 1, 2002, and sent to the address appellant provided. Appellant had 20 days thereafter to file his notice of appeal with the UAC. See § 443.151(4)(b)(1), Fla. Stat. (2002).[1]
In his notice of appeal from the denial of his claim, Thurman alleges that he did not become aware of the adjudicator's decision until October 11, 2002, when he telephoned the claims office to inquire about the status of the claim. At that time, appellant requested a written copy of the decision. Upon its receipt, he mailed and sent by facsimile transmission his appeal from the denial of unemployment benefits. In these documents he stated, for the first time, that his address was "POB 54501," and not, as previously listed, "POB 50541." The notice of appeal, received by the agency on October 29, 2002, states the appeal is from the examiner's decision dated 10/1/02, and includes the following explanation given by appellant for the late filing: "It's a little late because I just received it about a week ago." The cover sheet of the facsimile transmission reflects the notice of appeal was successfully transmitted on October 28, 2002.
A telephone hearing was conducted to determine the timeliness of the appeal. Appellant testified that he received the notice of the adjudicator's denial of benefits on October 24, 2002, and he mailed his notice of appeal on October 28, 2002. He maintained that if the notice of appeal was late, it was due to the agency's delay in providing him with the adjudicator's decision. Appellant testified that he checks for mail at his post-office box daily.
On November 25, 2002, the appeals referee issued a decision dismissing the appeal due to lack of jurisdiction. The referee found that (1) the determination of the *91 claims adjudicator was mailed to appellant on October 1, 2002, and (2) appellant's appeal was not filed until October 29, 2002. The appeals referee thereupon ruled the appeal was not timely filed within the statutory 20-day period; thus, the referee was without jurisdiction to consider the merits of the case. On January 16, 2003, the UAC issued an order confirming the decision of the appeals referee.
We review an administrative agency's interpretation of law under the "clearly erroneous" standard. See Accord Human Res. of Fla., III, Inc. v. Unemployment Appeals Comm'n, 868 So.2d 595, 597 (Fla. 5th DCA 2004). An administrative hearing officer's findings of fact must be accepted by both an administrative agency and by a reviewing court, if "those findings are supported by competent, substantial evidence." Id. See also Lucido v. Unemployment Appeals Comm'n, 862 So.2d 913 (Fla. 4th DCA 2003).
Section 443.151(4)(b), governing appeals from UAC determinations, does not provide a "good cause" exception that would permit the UAC to accept an untimely filed appeal. See Pelletier v. State, Unemployment Appeals Comm'n, 761 So.2d 413 (Fla. 2d DCA 2000). While there are no statutory exceptions for late appeals, the courts have carved out a limited exception in cases in which a claimant alleges the notice of the decision was not mailed to him or her in a timely manner. Id. at 413-14. The untimeliness of unemployment appeals has been excused on grounds of fairness and due process when the untimeliness was "occasioned by the actions of the Commission." Assam v. Fla. Unemployment Appeals Comm'n, 871 So.2d 978, 980 (Fla. 3d DCA 2004). See also Rodriguez v. Unemployment Appeals Comm'n, 869 So.2d 657 (Fla. 3d DCA 2004); Guerrero v. Florida Unemployment Appeals Comm'n, 855 So.2d 266 (Fla. 3d DCA 2003); Reynolds v. SV Central Dania Props., Inc., 849 So.2d 1181 (Fla. 4th DCA 2003); Ebersol v. Unemployment Appeals Comm'n, 845 So.2d 945 (Fla. 5th DCA 2003); Goldberg v. Unemployment Appeals Comm'n, 842 So.2d 952 (Fla. 4th DCA 2003); Brooks v. Unemployment Appeals Comm'n, 760 So.2d 1108 (Fla. 4th DCA 2000).
Ordinarily, the mailing date shown on the face of a decision is, by itself, insufficient to rebut a party's claim that he or she did not receive timely notice of the decision. See Ebersol, 845 So.2d at 946, n. 2 (citing Landrum v. James Rummer Timber Harvesting, Inc., 645 So.2d 577 (Fla. 2d DCA 1994)); Robinson v. Morrison, Inc., 501 So.2d 1323 (Fla. 4th DCA 1986). This rule must, however, be tempered by a showing, as earlier stated, that the untimeliness of a claimant's appeal was caused by the actions of the Commission. In the case at bar, the failure of appellant to prosecute his appeal within the time required was solely attributable to his own negligence in not providing the Commission with an accurate address. Although we have found no cases relating to the issue of whether a party may be excused for not timely appealing an administrative decision under circumstances where the untimeliness was the result of the party's own negligence, we have consulted persuasive federal authority, because the resolution of the issue turns primarily on whether the notice requirements of due process were satisfied.
In Green Tree Fin. Servicing Corp. v. Karbel, 220 B.R. 108 (BAP 10th Cir.1998), the court ruled that the notice provided in a debtor's motion for valuation of a creditor's collateral, which was mailed to the address designated by the creditor pursuant to the clerk's Practice and Procedure Guide, and which was not received by the creditor's consumer-goods division within *92 the time allotted for it to respond, satisfied due process, notwithstanding that the Guide was not legally binding, and the creditor intended that the address which it had designated be used only for mobile-home transactions, rather than for consumer goods, which were the subject of the notice. The court began its analysis by observing that "[s]ervice of process must satisfy both the statute under which service is effectuated and constitutional due process." Id. at 112. It observed that Federal Rule of Bankruptcy Procedure 7004(b)(3), providing for mailing a copy of the summons and complaint to the categories of persons listed in the rule, was complied with in that the debtor properly mailed his notice to the address supplied by the creditor to the clerk of the court which was used in the standard creditor-address system implemented in the clerk's office. In rejecting the creditor's argument that the Guide, which established the system for serving such notices, was not legally binding, the court answered: "[A] party `cannot submit an address to the court as that to which all notices should be sent and then argue that it was not properly served when notices are sent to that address.'" Id. (quoting with approval In re Village Craftsman, Inc., 160 B.R. 740, 745 (Bankr.D.N.J.1993).)
The court next decided that all due process requirements had been satisfied. The due process clause requires notice "`reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. at 113 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). The court in Green Tree concluded that the notice afforded pursuant to the system followed by the clerk was reasonably calculated to apprise the creditor of the pendency of the action and provide it with an opportunity to be heard, despite the fact that the creditor "mishandled" the notice. Id.See also Teitelbaum v. Equitable Handbag Co., 49 B.R. 536, 540 (Bankr.S.D.N.Y.1985) (finding that because the defendant had supplied address where the proof of claim was sent, notice was reasonably calculated to provide defendant with actual notice of the proceeding; therefore, defendant could not validly assert that service of process was defective or violated its rights).
In the case at bar, section 443.151(4)(b)(1) requires the Commission to mail its determination to the claimant at his "last known address." This it did. Clearly such notice was reasonably calculated to afford Thurman both with its decision, and an opportunity for him to present his objections. As a consequence, because claimant's last known address was that which he erroneously furnished the Commission, he cannot complain that he was not properly served with the adjudicator's determination.
AFFIRMED.
ERVIN and VAN NORTWICK, JJ., concur; WOLF, C.J., specially concurs with opinion.
WOLF, C.J., specially concurring.
I concur in the well written opinion of the majority. I write to point out that the statement within the opinion which reads "[o]rdinarily, the mailing date shown on the face of the decision is, by itself, insufficient to rebut a party's claim that he or she did not receive timely notice of the decision" is neither the holding in this case nor a principle that has been adopted by this court.
Section 90.406, Florida Statutes, states, Evidence of the routine practice of an organization, whether corroborated or *93 not and regardless of the presence of eyewitnesses, is admissible to prove that the conduct of the organization on a particular occasion was in conformity with the routine practice.
Professor Ehrhardt in his treatise on evidence comments on the statutory section:
When a business or other organization establishes a routine method of performing a particular act, proof of that routine method is admissible under section 90.406 to prove that the act occurred on a particular occasion, even though there is no corroboration that the act occurred. Evidence of a business's routine office procedure with regard to mailing letters will be admissible to show the letter in question was mailed.
Charles W. Ehrhardt, Florida Evidence, § 90.406 (2004 Edition).
The numerous cases cited by Ehrhardt, including Home Ins. Co. v. C. & G. Sporting Goods, Inc., 453 So.2d 121, 123 n. 3 (Fla. 1st DCA 1984), support the proposition that evidence of routine office practices satisfies the general requirement demonstrating mailing. In fact, it would be impossible for an organization with a large amount of employees and paperwork to ever demonstrate mailing if they did not have the benefit of the rule relating to routine business practices.
While the cases from the other district courts cited by the majority appear to stand for the proposition that we should deviate from the general business practice rule in unemployment compensation cases, they do not cite to section 90.406, nor do they set forth a compelling reason for departing from the general rule embodied within the statute.
NOTES
[1] Section 443.151(4)(b)(1), Florida Statutes (2002). provides:

The claimant or any other party entitled to notice of a determination as herein provided may file an appeal from such determination with an appeals referee within 20 days after the date of mailing of the notice to her or his last known address or, if such notice is not mailed, within 20 days after the date of delivery of such notice.
(Emphasis added.)