PER CURIAM.
The claimant was disqualified from unemployment compensation benefits when she did not attend the hearing on the claim. After the Unemployment Appeals Commission remanded the case to determine whether there was good cause for her not having done so, the appeals referee found, in accordance with Florida Administrative Code Rule 60BB-5.017 [1]
*525 Good cause for failure to attend a scheduled hearing is any cause which indicates an additional hearing is reasonably necessary in the interest of justice. If good cause is not established, the previous decision shall be reinstated.
The hearing record shows that the claimant did not attend the scheduled hearing because she was confused with all the paperwork she received and her son did not want to be bothered translating the documents for her. The claimant’s testimony shows that she received the Notice of Hearing in a timely manner and the Notice clearly stated the date and time of the hearing. The claimant has failed to show she exercised due diligence to attend the .April 23, 2003, hearing on time as scheduled. Accordingly, the previous Decision of Appeals Referee dated May 22, 2003, is reinstated.
We find no error in the Unemployment Commission’s affirmance of this order. See Reloba v. Westside Sanitation, Inc., 711 So.2d 141 (Fla. 3d DCA 1998).
Affirmed.

. 60BB-5.017. Nonappearance of Parties.
(1) Except as provided in Rule 60BB-5.016, F.A.C., the appeals referee may, notwithstanding failure of a party to appear, proceed with the hearing.
(2) Failure of the appellant to appear at the hearing shall constitute grounds for dismissal of the appeal.
(3) Upon written request of the appellant or upon the referee’s own motion, the appeals referee shall for good cause rescind a dismissal decision and reopen the appeal. Upon written request of the appellee or upon the referee’s own motion, the appeals referee shall for good cause rescind a decision and reopen the appeal if the appellee did not appear at the last scheduled hearing and the referee has entered a decision adverse to the appellee. The appeals referee shall have the authority to reopen an appeal under this rule provided that the request has been filed or motion entered with 20 days of rendition of the decision.
(a) A threshold issue to be decided at the hearing held to consider reopening an appeal shall be whether there is a good cause for proceeding with an additional hearing. If good cause is found, the appeals referee shall proceed on the merits. If good cause is not found, the referee shall reinstate the *525 decision. The referee shall have no further authority with respect to a reinstated decision; however, any party or other person entitled by law to do so may file an appeal of the reinstated decision in accordance with Chapters 60BB-6 and 60BB-7, F.A.C. (b) Denial without hearing’-of a request to reopen an appeal shall be in writing. The requesting party may appeal the denial by filing an appeal with the Unemployment Appeals Commission in the manner set forth in Chapters 60BB-6 and 60BB-7, F.A.C.