942 So.2d 957 (2006)
Denise DAKERS, Appellant,
v.
STATE of Florida, UNEMPLOYMENT APPEALS COMMISSION and Volunteers of America of Florida, Appellees.
No. 4D05-4789.
District Court of Appeal of Florida, Fourth District.
November 22, 2006.
Denise Dakers, North Lauderdale, pro se.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Commission.
PER CURIAM.
Denise Dakers appeals a UAC order affirming the dismissal of her appeal as untimely. There is no dispute that Dakers did not file the appeal within the twenty-day time limit and Dakers does not contend that her failure to file was in any way the fault of the agency. She does not *958 challenge the mailing date of the administrative decision, the correctness of the address to which it was mailed, or her timely receipt of the decision. In fact, she does not claim any misunderstanding, excusable or otherwise. Instead, Dakers claims she had good cause for her late filing as she was out of the country tending to a sick relative. Unfortunately, though, the statute governing unemployment compensation appeals does not provide a "good cause" exception to the statutory twenty-day period. See Thurman v. Fla. Unemployment Appeals Comm'n, 881 So.2d 89, 91 (Fla. 1st DCA 2004); Guerrero v. Fla. Unemployment Appeals Comm'n, 855 So.2d 266, 268 (Fla. 3d DCA 2003); Frederick v. Fla. Unemployment Appeals, 834 So.2d 957, 958 (Fla. 3d DCA 2003); Espinosa v. Cableoptics, Inc., 807 So.2d 195, 196 (Fla. 3d DCA 2002); Pelletier v. State, Unemployment Appeals Comm'n, 761 So.2d 413 (Fla. 2d DCA 2000); Applegate v. Nat'l Health Care Affiliates, Inc., 667 So.2d 332, 333 (Fla. 1st DCA 1995). Therefore, although sympathetic to her plight, we must affirm the UAC decision.
Affirmed.
STEVENSON, C.J., WARNER and TAYLOR, JJ., concur.