BENTON, C.J.
 

 Paul Milner, III, appeals a decision of the Unemployment Appeals Commission (UAC) affirming an appeals referee’s order denying benefits on grounds that Mr. Mil-ner did not show good cause for failing to participate in a telephone conference call. Persuaded that Mr. Milner’s showing did establish good cause, we reverse and remand for further proceedings.
 

 Originally the Agency for Workforce Innovation (the Agency) determined Mr. Mil-
 
 *1027
 
 ner had been discharged from his job with Waste Management, Inc., on April 1, 2010, for misconduct connected with work. The Agency mailed its determination that he was disqualified from receiving benefits for that reason on May 7, 2010, along with advice that he had twenty days in which to perfect an administrative appeal of the determination. Acting on this advice, Mr. Milner took a timely administrative appeal of the initial determination.
 

 By notice dated June 4, 2010, the Agency set a telephone conference call or hearing for June 16, 2010. Unable to reach Mr. Milner by telephone at the appointed time, the Agency dismissed his appeal with an order which included the' following language: “To request a new hearing, you must show good cause for failing to attend the previous hearing. The request must be filed within 20 calendar days of the date this decision is mailed.” On Monday, June 21, well within the time allowed, Mr. Mil-ner faxed a letter to the Agency requesting a new hearing.
 

 Florida Administrative Code Rule 60BB-5.017(3) specifically authorizes an appeals referee “for good cause [to] rescind a dismissal decision and reopen the appeal.” The rule further provides:
 

 A threshold issue to be decided at the hearing held to consider reopening an appeal shall be whether there is a good cause for proceeding with an additional hearing.
 
 [1]
 
 ] If good cause is found, the appeals referee shall proceed on the merits. If good cause is not found, the referee shall reinstate the decision.
 

 Fla. Admin. Code R. 60BB-5.017(3)(a). In keeping with the rule, the Agency scheduled a new hearing for August 2010 by notice that read:
 

 A new hearing will be scheduled to provide the party an opportunity to show good cause for re-opening the appeal. If good cause is established, all parties will have an opportunity to present evidence, question witnesses, offer rebuttal, and make closing statements regarding the issues shown on the
 
 Notice of Hearing.
 
 If good cause is not established, the previous decision will be reinstated.
 

 At the hearing, Mr. Milner testified that he was out of town looking for work during the month of June and had asked a friend to get his mail. When asked what he did “to make sure that [he] kept abreast of what was going on with [his] appeal,” Mr. Milner responded that he called the unemployment office to check on the hearing date. Only when he called, he testified, did he learn that the hearing date had passed two or three days earlier, whereupon he promptly faxed the letter requesting reopening of his appeal.
 

 
 *1028
 
 After this testimony, the appeals referee began questioning the employer’s witnesses on the issue of whether or not Mr. Milner was discharged for misconduct. Altogether, four witnesses testified to the circumstances surrounding the termination of Mr. Milner’s employment.
 

 But the appeals referee issued a “Notice of Reinstated Decision,” that did not address why Mr. Milner lost his job:
 

 The claimant was out of town for the month of June 2010 but had someone checking his mail for him. The individual checking the claimant’s mail did not tell the claimant about the hearing. The claimant called the friend two days later and was at that time told of the hearing.
 
 [2]
 
 The claimant waited until June 21, 2010, before he submitted a request to reopen the appeal. The claimant did not show that he exercised due diligence in requesting reopening of the appeal nor did the claimant have good cause for the non-appearance.
 

 The Unemployment Appeals Commission affirmed the appeals referee’s decision, including the grounds for decision.
 

 “ ‘Good cause for failure to attend a scheduled hearing is any cause which indicates an additional hearing is reasonably necessary in the interest of justice.’ ”
 
 Javier v. Goodwill Indus, of S. Fla., Inc.,
 
 882 So.2d 524, 525 (Fla. 3d DCA 2004) (quoting appeals referee’s order). In the present case, Mr. Milner was not at home when the notice of hearing arrived,
 
 [3]
 
 and he did not learn about the hearing until he called the Agency to inquire as to the date of the hearing. In
 
 Rouse v. Unemployment Appeals Commission,
 
 728 So.2d 345, 347 (Fla.4th DCA 1999), the Fourth District found that the appeals referee did not abuse her discretion in finding the employer had good cause to reopen the proceedings when the employer did not appear at the hearing “due to the misrouting of mail in the [employer’s] offices.” Similarly, in
 
 Coon Clothing Co., Inc. v. Eggers,
 
 560 So.2d 1357, 1357 (Fla. 3d DCA 1990), the employer testified that the notice of hearing arrived five days before the hearing, when he was out of town, and that he did not see the notice until he arrived back in town on the morning of the hearing. The UAC ruled that the employer did not establish good cause for his nonappearance. But the Third District reversed, holding “[w]here, as here, there is a short absence from the business which results in nonappearance, we think good cause has been shown for reopening of the appeal.”
 
 Id.
 
 at 1358.
 

 Like the employers in
 
 Coon Clothing
 
 and
 
 Rouse,
 
 Mr. Milner’s nonparticipation was not the result of any deliberate action to avoid or decision to miss the hearing. Indeed, Mr. Milner missed the hearing because he was out of town looking for work. Under these circumstances, we be
 
 *1029
 
 lieve a new hearing is “reasonably necessary in the interest of justice.”
 
 Javier,
 
 882 So.2d at 525.
 

 The Agency’s website answers the question “When will my hearing be scheduled?” as follows: “The Office of Appeals schedules hearings in the order the appeals are received. When the unemployment rate is high, it may take a few weeks for a hearing to be scheduled. We try very hard to resolve each case within 45 days after the appeal is received.” Agency for Workforce Innovation Frequently Asked Questions — Appeals, http://wivw.floridajobs.org/ unemploymenVappfaqs_ans.html (last visited Aug. 11, 2011). We have never held that claimants are under an obligation to suspend out-of-town searches for employment for “a few weeks” in order to preserve their appeal rights.
 

 We also note with interest that the appeals referee gave no indication that he had any question about the propriety of proceeding to the merits at the hearing. Without hesitation or comment, once Mr. Milner explained why he did not answer his telephone at the time the first conference call was scheduled, the appeals referee took testimony from several witnesses on the merits.
 
 See
 
 Fla. Admin. Code R. 60BB-5.017(3)(a) (“If good cause is found, the appeals referee shall proceed on the merits.”). The conduct of the hearing also seemed to comport Avith the notice, which provided: “If good cause is established, all parties Avill have an opportunity to present evidence, question witnesses, offer rebuttal, and make closing statements regarding the issues” on the merits.
 

 Reversed and remanded.
 

 CLARK and MARSTILLER, JJ., Concur.
 

 [1]
 

 . Whether or not an administrative appeal is instituted in a timely fashion to begin with is a question of jurisdiction. But failure to invoke the administrative appellate process is not at issue here. The question in the present case is the nonjurisdictional question whether to reschedule a hearing. Mr. Milner was not required to show that the Agency’s actions caused his nonappearance, and he has never contended that they did.
 
 Cf. Thurman v. Fla. Unemployment Appeals Comm’n,
 
 881 So.2d 89, 91 (Fla. 1st DCA 2004) ("Section 443.151(4)(b), governing appeals from UAC determinations, does not provide a ‘good cause’ exception that would permit the UAC to accept an untimely filed appeal.... The untimeliness of unemployment appeals has been excused on grounds of fairness and due process when the untimeliness was 'occa- . sioned by the actions of the Commission.' " (citations omitted)).
 
 See also Dakers v. State, Unemployment Appeals Comm’n,
 
 942 So.2d 957 (Fla. 4th DCA 2006) (affirming dismissal of appeal on grounds that it was not filed within the statutory twenty-day period, when claimant did not challenge the mailing date of the decision, the correctness of the address to which it was mailed, or her timely receipt of the decision, but instead claimed that she had good cause for her late filing because she was out of the country tending to a sick relative).
 

 [2]
 

 . The appeals referee’s finding that Mr. Mil-ner’s friend who was checking his mail informed him about the hearing date lacks any support in the evidence. We are bound to uphold administrative fact finding but only when there is competent, substantial evidence in support.
 
 See Porter v. Fla. Unemployment Appeals Comm’n,
 
 1 So.3d 1101, 1103 (Fla. 1st DCA 2009).
 

 [3]
 

 . In
 
 Javier v. Goodwill Indus, of S. Fla., Inc.,
 
 882 So.2d 524, 525 (Fla. 3d DCA 2004), the court upheld the UAC’s affirmance of an appeals referee’s order dismissing the appeal for failure to participate in a hearing, where the claimant had actually received the notice of hearing "in a timely manner” but testified she was "confused with all the paperwork she received and her son did not want to be bothered translating the documents for her.” The record does not disclose when written notice reached Mr. Milner’s mailbox, but he did not receive it until after the hearing and there was no suggestion that he simply decided, as the claimant did in
 
 Javier,
 
 not to attend the hearing.