SALTER, J.
(concurring).
I reluctantly concur in the result in this case, but write separately to emphasize again (a) that the Agency for Workforce Innovation should adhere to its own rules and procedures in unemployment compensation benefits appeals, and (b) that claimants should be allowed more time within which to seek advice and to prepare and file their administrative appeals, so that such appeals are resolved on the merits rather than through procedural defaults.
Ms. Rostran’s claim for unemployment compensation benefits was initially granted by the Agency. She had worked for a CVS pharmacy for over four years before her employment was terminated. On the basis of information which has not been made a part of the record,[1] the Agency reconsidered and issued a revised determination that Ms. Rostran voluntarily quit and was thus ineligible for the benefits.
That revised determination included a computer-generated “date mailed” of November 24, 2009. Ms. Rostran’s electronic appeal was transmitted on January 7, 2010. Because this was over twenty days after the date shown on the Agency’s revised determination, the Agency’s automated on-line appeal form included a “late explanation” section for Ms. Rostran to complete. Her explanation stated: “I file late because I didn’t understand really well how to the appealing process and I call a lot of times at the automated phone sys *846 tem to see if any representative could help me but it was always busy.”
A telephonic hearing was noticed, but the employer did not participate. Ms. Rostran, a non-attorney representing herself, was the only witness allowed to testify, despite Ms. Rostran’s proffer that her mother would substantiate her claim that she was sick and under a doctor’s care at the time CVS claimed she had voluntarily quit her job. The referee limited the hearing to the timeliness of the appeal. He asked whether Ms. Rostran “first received a copy of this determination” on the “date mailed” shown on the redetermination, and she answered “yes” (though this was obviously impossible, as the letter could not have reached Ms. Rostran in Miami on the same day it was mailed from Tallahassee). The referee then asked Ms. Rostran why it had taken her more than twenty days to submit her appeal, and she testified:
It didn’t — I didn’t file it because I didn’t really understand how was the process and, you know, I call a lot of times, you know, at the number to — the 1-800 number for the Unemployment Compensation and, you know, it was always busy until I spoke with a representative and, you know, they explain it to me — the whole process and how to do it by the internet.
Ms. Rostran’s testimony was unrebut-ted, and of course the period during which she made her calls (before she obtained assistance from the Agency) spanned the Thanksgiving, Hanukkah, Christmas, and New Year holidays when the Agency was frequently closed. The referee then dismissed the appeal as untimely, and Ms. Rostran’s further appeal to the Unemployment Appeals Commission was rejected. Her appeal to this Court followed.
Although the majority is correct that section 443.151(4), Florida Statutes (2009), has no judicially-recognized, traditional “good cause” exception for a late-filed appeal,[2] these cases should be addressed on the merits because of their importance. Unemployment compensation benefits are a safety net that should not be snatched away on a technicality that prejudices no one. The existing twenty-day statutory period for an administrative appeal includes the days the Agency’s adverse determination is in the mail. No allowance is made for intervening weekends and holidays after the mailing but before the twentieth day. Thus, in practice, the claimant may have two weeks from receipt of the Agency’s adverse ruling within which to seek assistance and prepare and file an appeal. There is no statutory or administrative procedure for seeking an extension of time for the claimant to further investigate the stated basis for the Agency’s adverse determination, to seek pro bono or other counsel, to actually write and file the appeal itself, or to “get through” to the Agency’s advertised help line.
In practice, the purportedly bright-line twenty-day rule is sometimes evaded by an *847 employer or attorney familiar with the intricacies of the statute. Under section 443.151(3)(e)l, a party can ask the Agency to reconsider an adverse determination for a full year (two full years, if it is shown that the determination was based on a false or fraudulent representation) based on “an error” or when “new evidence or information pertinent to the determination is discovered after a prior determination or redetermination.” While in theory this provision is also available to former employees/claimants, the reported cases suggest that redeterminations and delays in adjudicating claims are a result of actions taken by the Agency and employers rather than claimants. See, e.g., Arensen v. Fla. Unemployment Appeals Comm’n, 48 So.3d 936, 940 (Fla. 1st DCA 2010) (recognizing that ten months between a monetary determination and commencement of benefits and retroactive finding of ineligibility was, in effect, a redetermination); Grover v. Brumell Investigations, Inc., 915 So.2d 750, 753-54 (Fla. 2d DCA 2005) (rejecting an employer’s attempt to obtain a redeter-mination after failing to appeal an initial determination in favor of the claimant).
While reluctantly concurring in the decision in this case, it is my hope that our Legislature will remedy this recurring elevation of a procedural deadline above an unemployed claimant’s right[3] to present his or her evidence and to obtain a decision on the merits. The financial and emotional challenges of unemployment ought to be enough without compounding the effect by putting the claimants through a futile administrative and judicial labyrinth. I therefore urge the Agency to provide claimants with the documents and information provided to the Agency by the employer in support of a determination that the employee is not qualified for benefits, and I respectfully urge the Legislature to amend section 443.151(4), Florida Statutes (2011), to allow a longer period of time within which a party may appeal an adverse determination.
CORTIÑAS, J., concurs.

. We have previously criticized the Agency’s redetermination disallowing an employee’s initially-allowed claim on the basis of documents and written interview forms that are not furnished to the employee with the rede-termination and notice of appellate remedies. Lopez v. A Aaron Super Rooter, Inc., 54 So.3d 575, 577-78 (Fla. 3d DCA 2011) (Salter, J., concurring). If the employee is to make reasoned decisions about whether to appeal the Agency’s redetermination and what testimony or documents to present at the telephonic hearing on any such appeal, that information should be provided, just as the employee's claim form is routinely submitted to the employer.

. Section 443.151(4)(b)3 provides that the Agency's Office of Appeals may issue to an appellant an order to show cause why a facially-untimely appeal should not be dismissed. The appellant must, within fifteen days of the mailing date on that order, "provide written evidence of timely filing or good cause for failure to appeal timely” or the appeal is to be dismissed. As noted in the majority opinion, however, "good cause” in this context has been limited to non-receipt of a determination, Agency-caused confusion, or other circumstances establishing a lack of due process. Agency and judicial rulings have not found “good cause” for reinstating an untimely appeal under this provision based on an appellant's misunderstanding, busy schedule, or similar excuse. See, e.g., Dakers v. State, Unemployment Appeals Comm’n, 942 So.2d 957, 958 (Fla. 4th DCA 2006) (finding no "good cause” exception to the twenty-day filing requirement for a claimant/appellant out of the country tending to a sick relative).

. While claimants appear to miss the twenty-day deadline more often than employers, any legislative increase in the appeal period would apply reciprocally to employers as well.