# Third District Court of Appeal

## State of Florida

Opinion filed November 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1164
Lower Tribunal No. R.A.A.C. 23-00751
_____

**Juan M. Lopez Alonso,**
Appellant,

vs.

**Reemployment Assistance Appeals Commission,**
Appellee.

An Appeal from the Reemployment Assistance Appeals Commission.

Juan M. Lopez Alonso, in proper person.

Amanda L. Neff, Deputy General Counsel (Tallahassee), for appellee Reemployment Assistance Appeals Commission.

Before EMAS, FERNANDEZ and GORDO, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 443.151(4)(b)1, Fla. Stat. (2021) ("The claimant or any other party entitled to notice of a determination may appeal an adverse

determination to an appeals referee . . . within 20 days after the date of delivering the notice."); Henry v. Reemployment Assistance Appeals Comm'n, 345 So. 3d 369, 371 (Fla. 3d DCA 2022) ("We are compelled to affirm. The referee's decision plainly informed [appellant] of the filing deadline for any appeal . . . No action or inaction by the Commission caused the untimeliness of [appellant's] appeal, and [appellant] has not otherwise asserted the existence of circumstances tantamount to a due process violation.") (footnote omitted); Javier v. Goodwill Indus. of S. Fla., Inc., 882 So. 2d 524, 525 (Fla. 3d DCA 2004) (holding that a claimant who was confused by the Unemployment Appeals Commission paperwork, and was unable to translate the documents, was not entitled to a good cause exception).