422 So.2d 932 (1982)
Ervin WASHINGTON, Jr., Appellant,
v.
BURDINES, and Department of Labor and Employment Security, State of Florida, Unemployment Appeals Commission, Appellee.
No. 82-1032.
District Court of Appeal of Florida, Third District.
November 2, 1982.
Rehearing Denied December 13, 1982.
*933 Ervin Washington, Jr., in pro. per.
James R. Parks and Norman Blessing, Tallahassee, for appellee.
Before BARKDULL, HENDRY and FERGUSON, JJ.
HENDRY, Judge.
Appellant, a former employee of Burdines, seeks review of an order of the Unemployment Appeals Commission which affirmed a decision of the appeals referee determining that appellant was ineligible for unemployment compensation benefits.
The findings of the appeals referee in this cause show that the appellant was discharged because he intentionally and repeatedly failed to follow specific instructions regarding work, given by appropriate supervising personnel. On September 11, 1981, appellant was specifically instructed by the vice-president of personnel that before taking the following day off for a floating day, appellant was to speak directly to the assistant operations manager to seek and obtain permission. The appellant deliberately failed to obey the instructions and took the day off anyway. The following day he was discharged. The record and findings of the referee show that for no justifiable reason the appellant's behavior demonstrated a clear, consistent pattern of insubordination.
The appeals referee is the fact finder in unemployment claims procedure. Section 443.07(4)(a), Florida Statutes (1979). If the record shows that there was substantial competent evidence to support the factual findings of the appeals referee then the decision must be upheld.
Appellant's sole contention on appeal is that there is not substantial competent evidence in the record and a reasonable basis in law to support the findings of the referee and Commission that he was discharged for misconduct connected with his work.
We cannot agree with the appellant's contention and hold that there was substantial competent evidence to support the Commission's order. Fort Myers Pump and Supply, Inc. v. Florida Department of Labor and Employment Security, 373 So.2d 429 (Fla. 2d DCA 1979); Lundy's Market, Inc. v. Florida Department of Commerce, Division of Employment Security, 373 So.2d 433 (Fla. 3d DCA 1979).
The order appealed is affirmed.
Affirmed.