442 So.2d 349 (1983)
Carl L. ALTCHILER, Appellant,
v.
STATE of Florida, DEPARTMENT OF PROFESSIONAL REGULATION, DIVISION OF PROFESSIONS, BOARD OF DENTISTRY, Appellee.
No. AK-95.
District Court of Appeal of Florida, First District.
December 8, 1983.
*350 Robert Dyer of Duckworth, Allen, Dyer & Pettis, Orlando, for appellant.
Salvatore A. Carpino, Dept. of Professional Regulation, Tallahassee, for appellee.

ORDER IMPOSING SANCTIONS
PER CURIAM.
Appellee moved to strike appellant's appendix and Count I of the initial brief because the appendix contained material that was not in the record on appeal and much of the argument in Point I was based on that material. Appellant responded to the motion and explained why he believed that references outside the record were necessary. After full consideration of his argument, the court issued an order granting the motion to strike and directing appellant to file an amended brief which conformed to the record on appeal.
Thereafter, appellant filed an amended initial brief. Appellee again moved to strike, and requested an order imposing sanctions, because the amended initial brief referred to the same matters that the court had ordered stricken from the appendix and original initial brief. In response to the motion, counsel for appellant stated that he "stands on his brief and believes that the approach taken is entirely proper; counsel further believes that any other approach to the issue would be a disservice to his client and this court." Counsel then proceeded, once again, to argue the reasons for including references to matters outside the record.
After considering the motion and the response by counsel, this court issued an order directing counsel for appellant, Robert Dyer, Esquire, to appear at this court and show cause why he should not be held in contempt and punished accordingly for his disregard of the appellate rules and his failure to properly prosecute this appeal. In his oral explanation to the court, counsel again insisted that he was correct in including in the briefs references to matters outside of the record and did not seem to recognize that the order of this court striking the initial brief and the appendix resolved the issue.
It is fundamental that an appellate court reviews determinations of lower tribunals based on the records established in the lower tribunals. As we said in Hillsborough County Board of County Commissioners v. PERC, 424 So.2d 132, 134 (Fla. 1st DCA 1982):
An appeal has never been an evidentiary proceeding; it is a proceeding to review a judgment or order of a lower tribunal based upon the record made before the lower tribunal. An appellate court will not consider evidence that was not presented to the lower tribunal...
When a party includes in an appendix material or matters outside the record, or refers to such material or matters in its brief, it is proper for the court to strike the same. See, e.g., Gilman v. Dozier, 388 So.2d 294 (Fla. 1st DCA 1980); Finchum v. Vogel, 194 So.2d 49 (Fla. 4th DCA 1966); Sheldon v. Tiernan, 147 So.2d 593 (Fla. 2nd DCA 1962). That an appellate court may not consider matters outside the record is so elemental that there is no excuse for any attorney to attempt to bring such matters before the court. See Mann v. State Road Dept., 223 So.2d 383 (Fla. 1st DCA 1969). However, our major concern is not counsel's lack of knowledge of appellate practice and procedure; it is that counsel chose to ignore an order of this court. Although counsel orally asserted to this court that he had not interpreted the order to mean that all reference to matters outside the record had to be eliminated from the amended brief, we cannot accept such explanation. The original order stated that "[a]ppellant shall file an amended brief which conforms to the record on appeal... ." We do not think that this language is susceptible to the interpretation put forth by counsel.
We find that counsel intentionally disregarded an order of this court and that sanctions should be imposed. The willful disobedience of an order of this court constitutes an affront to this court's authority and is punishable by criminal contempt. *351 See, e.g., State ex rel. Garlovsky v. Eastmoore, 393 So.2d 567 (Fla. 5th DCA 1981); Sandstrom v. State, 309 So.2d 17 (Fla. 4th DCA 1975). However, contempt is a severe sanction that will not be imposed unless it is apparent that other sanctions would be inadequate. We believe that, in this case, a less severe sanction would be appropriate.
By publication of this order, Robert Dyer, Esquire, is publicly reprimanded for the manner in which he handled this appeal. He is warned that any future violations of the appellate rules or disregard of an order of this court, in this or any other case, may result in a finding of contempt. Mitchell v. State, 433 So.2d 632 (Fla. 1st DCA 1983). A copy of this order will be forwarded to the Florida Bar for any action it may deem warranted.
IT IS SO ORDERED.
MILLS, BOOTH and SHIVERS, JJ., concur.