544 So.2d 1110 (1989)
Dorcius DORISMA, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 88-2835.
District Court of Appeal of Florida, Third District.
June 13, 1989.
Miriam Harmatz, Maria L. Soto, for appellant.
John D. Maher, Tallahassee, for appellee.
Before NESBITT, BASKIN and GERSTEN, JJ.
GERSTEN, Judge.
This is an appeal from an order of the Florida Unemployment Appeals Commission, *1111 denying appellant unemployment benefits. The Florida Unemployment Appeals Commission determined that the appellant was properly discharged for misconduct. We agree and affirm.
Dorcius Dorisma, the appellant, contends that his refusal to work extra hours was not misconduct under Florida's Unemployment Compensation Law. § 443.036(25), Fla. Stat. (1987). The Florida Unemployment Appeals Commission, the appellee, asserts that the employer's request that appellant work extra hours was a reasonable request under the existing unusual workplace situation.
The appellant's employer requested that appellant, a manager, work extra hours. An unusual workplace situation existed where the employer's crew (labor) was already working overtime, and the employer clearly needed appellant's supervisory services. Appellant, for an unknown reason, refused to do extra work and the employer discharged him. We find that the employer's request of appellant to work extra hours was a reasonable request under the extreme workplace situation. Therefore, appellant's refusal to work additional hours under these circumstances constitutes misconduct under section 443.036(25), Florida Statutes (1987). See National Insurance Services, Inc. v. Florida Unemployment Appeals Commission, 495 So.2d 244 (Fla. 2d DCA 1986); Kraft, Incorporated v. State, Unemployment Appeals Commission, 478 So.2d 1183 (Fla. 2d DCA 1985); Davis v. Unemployment Appeals Commission, 425 So.2d 198 (Fla. 5th DCA 1983).
Affirmed.