642 So.2d 75 (1994)
Judith L. THURBER, Appellant,
v.
HILLIER & WANLESS, P.A., and Florida Unemployment Appeals Commission, Appellees.
No. 93-2297.
District Court of Appeal of Florida, Fourth District.
August 31, 1994.
Judith Lee Thurber, pro se.
Edward A. Marod of Edward A. Marod, P.A., West Palm Beach, for appellee Hillier & Wanless, P.A.
John D. Maher, Tallahassee, for appellee Florida Unemployment Appeals Com'n.
PER CURIAM.
We affirm the order of the Unemployment Appeals Commission which found appellant ineligible to receive unemployment compensation benefits. The Commission approved the finding of the appeals referee that appellant was discharged for misconduct after she was absent from work without authorization.[1]
On a number of occasions during the months immediately preceding her discharge, appellant had been absent from work as a result of physical and emotional illness. On August 14, 1992, she failed to return to work after keeping a doctor's appointment. Several days later, the employee met with her supervisor to discuss her problems. The supervisor told her that her failure to return to work on August 14th was unacceptable, but agreed to "work with her" as long as the employee made a commitment to be at work as scheduled.
On August 29th, the employee requested that she be allowed to take the day off since she was moving to a new home. The employer was also in the process of relocating its office, and although all of the employees were needed that day, the supervisor agreed to excuse her on the condition that she be at work as scheduled on the following Monday, August 31st.
*76 On Sunday evening, August 30th, the employee called the supervisor at home to advise she would not be able to come to work the next day as she was still unpacking. The supervisor explained that the employee was "really needed." In spite of being so advised, the employee failed to report to work on August 31st.
On September 1st, the employee came to work in the morning but advised she would have to leave at noon to take care of some personal matters involving her new home. This time the supervisor told her, "I really need you and I would advise you not to leave." Not heeding the warning, the employee left. It was then that the employee was discharged.
From this and other evidence, which we have reviewed and find to be competent and substantial, the referee found:
[T]he claimant knew or should have known that the administrator expected her to remain at work that day. Although the administrator did not threaten the claimant with discharge, her words would have led the average person to conclude that [s]he was expected to remain at work.
... An employee has a responsibility to report for work as scheduled, without allowing personal circumstances to interfere with the conditions of employment. Considering the counseling so close to the time of discharge and the administrator's advice to the claimant that she not leave work early on September 1st, the claimant's early departure without authorization amount to a breach of her duties and obligations to the employer and demonstrated a disregard for the employer's interests. Under the circumstances, it must be concluded that the claimant was discharged for misconduct within the meaning of the unemployment compensation law.
We agree with the Commission that the referee correctly applied the law to the facts. See Dorisma v. Florida Unemployment Appeals Commission, 544 So.2d 1110 (Fla. 3d DCA 1989); Washington v. Burdines, 422 So.2d 932 (Fla. 3d DCA 1982); City of Riviera Beach v. Florida Department of Commerce, 372 So.2d 1007 (Fla. 4th DCA 1979).
AFFIRMED.
WARNER, PARIENTE, JJ., and SMITH, FREDRICKA G., Associate Judge, concur.
NOTES
[1] In section 443.036(26), Florida Statutes, misconduct is defined as:

(a) Conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations of his employer.