644 So.2d 173 (1994)
Rafael DELGADO, Appellant,
v.
CONCENTRATED CHEMICAL COMPANY, et al., Appellees.
Nos. 94-1067, 94-1184.
District Court of Appeal of Florida, Third District.
October 26, 1994.
Rafael Delgado, in pro. per.
John D. Maher, Florida Unemployment Appeals Com'n, Tallahassee, for appellees.
Before NESBITT, JORGENSON and GODERICH, JJ.
PER CURIAM.
Rafael Delgado was initially found eligible for unemployment benefits. His former employer, Concentrated Chemical Company, thereafter appealed that determination and prevailed at a hearing before an appeals referee. Delgado did not appeal the referee's decision during the statutory twenty-day time limit of section 443.151(4)(b)3, Florida Statutes (1993). Some months later, the claimant received a notification, in accordance with section 443.151(6)(b), Florida Statutes (1993), that he would be required to repay the benefits he had been overpaid prior to the disqualification determination. Delgado appealed the overpayment decision to the Unemployment Appeals Commission (UAC), at the same time raising the disqualification decision which had been rendered several months earlier. The appeal of the disqualification issue was dismissed by the UAC as untimely. In a separate order, the UAC affirmed the order requiring repayment. *174 Delgado appeals these two determinations. We affirm.
It is clear under section 443.151(4)(b)3 that if Delgado wanted to appeal the disqualification decision he had twenty days to do so.[1] Furthermore, the notification of denial of benefits mailed to him clearly so instructed. Nonetheless, he failed to act at that time. It is also clear that under section 443.151(6)(b), that once a claimant is overpaid, he is obligated to return the overpayment.[2] In the instant case, that sum totaled $925.00.
While on occasion appellate courts have carved out exceptions to the rule that a claimant has twenty days to appeal a referee's decision, these cases have cited due process violations, as for example, when employees or employers have alleged that they never received the decision they were appealing or they alleged that they received the decision after the appeal time had expired. See Livingston v. Unemployment Appeals Comm'n, 620 So.2d 1103 (Fla. 4th DCA 1993); Finney v. Florida Unemployment Appeals Comm'n, 587 So.2d 637 (Fla. 4th DCA 1991); Robinson v. Morrison, Inc., 501 So.2d 1323 (Fla. 4th DCA 1987); Waldron v. City of Arcadia, 409 So.2d 1138 (Fla. 2d DCA 1982). Under those circumstances, the late appealing party has been found to be entitled to an evidentiary hearing on the timeliness question.
In this case, however, when Delgado raised the disqualification issue at a hearing before an appeals referee, on direct and persistent questioning from the referee as to why the claimant had not timely appealed the disqualification determination, Delgado, through his interpreter, Zulema Delgato, first indicated that he had received the notice of disqualification, but did not understand what was required of him. Upon further questioning, Delgado indicated that he had appealed the disqualification determination, but for some unknown reason he had received no response. After this hearing, at a later date, for the first time, Delgado asserted that due to vandalism at his apartment building, he had never received the disqualification determination at issue. Under these circumstances, we find the UAC's decision to dismiss the appeal of the disqualification determination as untimely, was correct. Further, having been determined ineligible to receive the benefits at issue, the claimant was obligated to repay the amounts which had been paid out to him.
Accordingly, the orders under review are affirmed.
NOTES
[1] Section 443.151(4)(b)3., Florida Statutes provides:

The parties shall be promptly notified of such referee's decision; and such decisions shall be final unless, within 20 days after the date of mailing of notice thereof to the party's last known address or, in the absence of such mailing, within 20 days after the delivery of such notice, further review is initiated pursuant to paragraph (c).
[2] Section 443.151(6)(b), Florida Statutes, provides:

If any person, other than by reason of his fraud, has received any sum as benefits under this chapter to which, under a redetermination or decision pursuant to this section, he has been found not entitled, he shall be liable to repay such sum to the division for and on behalf of the trust fund or, in the discretion of the division, shall have such sum deducted from any future benefits payable to him under this chapter. No such recovery or recoupment of such sum may be effected after 2 years from the date of such redetermination or decision.