654 So.2d 1042 (1995)
Humberto R. BOZZO, Appellant,
v.
SAFELITE GLASS CORPORATION and Florida Unemployment Appeals Commission, Appellees.
No. 95-235.
District Court of Appeal of Florida, Third District.
May 17, 1995.
Rehearing Denied June 7, 1995.
Humberto R. Bozzo, in pro. per.
John D. Maher, Tallahassee, for Unemployment Appeals Com'n.
Before SCHWARTZ, C.J., and NESBITT and GERSTEN, JJ.
PER CURIAM.
This is an appeal from an order of the Florida Unemployment Appeals Commission denying claimant unemployment benefits. The Florida Unemployment Appeals Commission determined that the claimant was properly discharged for misconduct. We agree and affirm.
Misconduct connected with work is defined as a willful or wanton act or course of conduct in violation of the worker's duties and obligations to the employer. Fort Myers Pump & Supply, Inc. v. Florida Dep't of Labor & Employment Sec., 373 So.2d 429 (Fla. 2d DCA 1979); § 443.036(26), Fla. Stat. (1993). Here, after numerous complaints that the claimant on a continuing basis left work early and delegated his duties to others, the claimant was discharged when he directly failed to obey his supervisor's reasonable directive. See Dorisma v. Florida Unemployment Appeals Comm'n, 544 So.2d 1110 (Fla. 3d DCA 1989). The claimant's supervisor had specifically told the claimant not to delegate computer duties to a subordinate installer trainee. In the week that followed, the claimant nonetheless ordered the installer trainee to man the computer, thus acting in direct contravention of his immediate supervisor's admonishment. While the claimant testified as to the reasonableness of his actions, the appeals referee *1043 hearing the case found the testimony of the employer witness to be more credible. See Glover v. Sanford Child Care, 429 So.2d 91 (Fla. 5th DCA 1983). The Unemployment Appeals Commission adopted the appeals referee's decision. We find that decision is supported by competent, substantial evidence in the record. Ford v. Southeast Atl. Corp., 588 So.2d 1039 (Fla. 1st DCA 1991).
Accordingly, we affirm the order under review.