PER CURIAM.
Appellant, Pablo Mora, appeals the determination by appellee, the Florida Unemployment Appeals Commission (“Commission”), that he must repay benefits he was erroneously awarded. We affirm.
In Mora v. City of North Bay Village, 654 So.2d 991 (Fla. 3d DCA 1995), appeal dismissed, 666 So.2d 144 (Fla.1995), this Court affirmed the Commission’s determination that the appellant was not entitled to unemployment benefits because he was discharged for misconduct in connection with work. Section 443.151(6)(b), Florida Statutes (1995), requires an individual erroneously awarded unemployment benefits to either repay the funds or have that amount deducted from any future benefits received, and states specifically:
If any person, other than by reason of his fraud, has received any sum as benefits under this chapter to which, under a rede-termination or decision pursuant to this section, he has been found not entitled, he shall be hable to repay such sum ... or, in the discretion of the division, shall have such sum deducted from any future benefits .... No such recovery or recoupment of such sum may be effected after 2 years from the date of such redetermination or decision.
Here, the appellant was notified in March of 1995 that he was responsible for repayment, thereby clearly falling under the timing requirement of the statute. Accordingly, the Commission did not err in requiring repayment and the order below is affirmed. Delgado v. Concentrated Chemical Co., 644 So.2d 173 (Fla. 3d DCA 1994).
Affirmed.