PER CURIAM.
 

 In this workers’ compensation case, Claimant raises six points on appeal. Four lack merit (compensability of a “back condition,” exclusion of hospital records and bills, compensability of the second date of accident, and date of maximum medical improvement) and will not be addressed further. The other two, however, warrant reversal.
 

 First, no competent substantial evidence supports the Judge of Compensation Claims’ (JCC’s) finding that Claimant had an eleven percent permanent impairment rating (PIR). The record supports the JCC’s findings that Claimant had a five percent psychiatric PIR and a seven percent physical PIR. The combined total of these PIRs, under the 1996 Florida Uniform Permanent Impairment Rating Schedule, is not eleven; rather, according to the schedule, it is twelve percent.
 
 See
 
 1996 Fla. Unif. Permanent Impairment Rating Schedule, § 15, at 116. Accordingly, we reverse this portion of the JCC’s order.
 
 See Atlas Van Lines v. Jackson,
 
 642 So.2d 603, 605 (Fla. 1st DCA 1994) (reversing finding of PIR where not supported by CSE).
 

 Second, the JCC found a gastroen-terologist was authorized but denied further gastroenterologist treatment because the JCC found Claimant’s accident is no longer the major contributing cause of his gastric condition. No competent substantial evidence supports the JCC’s finding that, after August 16, 2002, Claimant was no longer taking any authorized medicine for compensable injuries that could have caused his gastric symptoms. The JCC found that Drs. Ballweg and Amadeo provided authorized care. The record shows they prescribed certain medications after that date. The gastroenterologist testified that Claimant advised him of at least two
 
 *190
 
 of those medications; that if, hypothetically, those medications were related to the work accident, the gastric symptoms would not be related to the work accident; and that if, hypothetically, Claimant were no longer taking medication or were taking medication prescribed by unauthorized doctors, the gastric symptoms would not be related to the work accident. It appears the JCC overlooked, rather than rejected, this uncontradicted evidence. Accordingly, we reverse this point and remand for the JCC to authorize a gastroen-terologist.
 

 We note the Employer/Carrier has moved to stay these proceedings on the ground that, in subsequent proceedings below (on the same injury), Claimant was found to have committed fraud with respect to those (different) benefits, in violation of sections 440.09 and 440.105, Florida Statutes. We deny the motion because to do otherwise would defeat the interest in finality shared by the parties and the courts. The purpose of an appeal is solely to review an order of the lower tribunal based on the record made before that tribunal.
 
 See Altchiler v. State, Dep’t of Prof'l Regulation,
 
 442 So.2d 349, 350 (Fla. 1st DCA 1983). Accordingly, we need not make a decision at this time whether the fraud defense divests Claimant of the potential benefits awarded herein.
 

 Consequently, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.
 

 VAN NORTWICK and PADOVANO, JJ., and BROWNING, JR., EDWIN B„ Senior Judge, concur.