SUAREZ, J.
 

 F.R. Aleman
 
 &
 
 Associates, Inc. (“the employer”), appeals a decision of the Florida Unemployment Appeals Commission reversing the appeals referee’s determination that the claimant, Humberto Cisneros, was not entitled to unemployment compensation benefits. We reverse the Florida Unemployment Appeals decision. The claimant was not entitled to unemployment benefits because he was discharged due to misconduct connected with work.
 

 The claimant was employed as a utility designer for the employer, a licensed engineering and mapping firm. His duties included locating and marking the surface locations of underground utilities at construction sites. The policy of the employer was to allow employees cash advances for company expenses. In 2008, while assigned to work on a project at the Miami International Airport, the claimant parked his company vehicle in the general airport parking lot at a charge of fifteen dollars per day. He advised his immediate supervisor that he did not have enough money to pay for parking and, as a result, his supervisor drove from Fort Lauderdale to the Miami International Airport to pay for his parking fee. After the incident, the employer met with the claimant and cautioned him on the procedure for obtaining cash in advance for parking. In disregard of the employer’s instructions, on a second occasion, the claimant failed to obtain money in advance for parking. The claimant again was assigned to report to the Miami International Airport construction site. Instead of reporting to work, the claimant advised the employer that he only had twenty dollars in his bank account and could not pay for parking. The supervisor told him to withdraw the twenty dollars from the bank and the employer would reimburse him later in the day or he could park in the airport remote lot free of
 
 *160
 
 charge. The claimant did neither and, without advising his employer, failed to report to work. The employer had to make arrangements for another crew to come in and make up for the lost production for the day. The employer discharged the claimant on November 6, 2008, for not reporting to the job site and not advising his employer of his intention not to report. The appeals referee found that the claimant was discharged for misconduct connected with work and disqualified him from receiving unemployment benefits. The Unemployment Appeals Commission reversed the appeals referee’s decision on grounds that the claimant’s conduct did not rise to the level of misconduct. The employer appeals the Unemployment Appeals Commission decision.
 

 In determining if the record contains competent substantial evidence to support the appeals referee’s findings, the reviewing tribunal may not make credibility determinations or substitute its judgment for that of the appeals referee.
 
 Jackson v. Unemployment Appeals Comm’n,
 
 730 So.2d 719 (Fla. 5th DCA 1999). The referee’s findings of fact cannot be disturbed if supported by competent substantial evidence, even where there is evidence supporting a different result.
 
 Jackson,
 
 730 So.2d at 721. Although the Unemployment Appeals Commission adopted the factual findings of the appeals referee, it concluded that the appeals referee’s decision was not in accord with Florida law and substituted its own legal conclusion that the claimant’s actions did not rise to the level of misconduct.
 

 Section 443.101(l)(a), Florida Statutes (2008) disqualifies a claimant from receiving benefits when he is discharged from work due to misconduct connected with work. Misconduct is defined as:
 

 (a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
 

 (b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
 

 § 443.036(29), Fla. Stat. (2008).
 

 The record shows that the claimant had a prior history of being reprimanded for failing to perform in accord with the employer’s standards. Then in 2008, he deliberately disregarded his employer’s work policy of receiving cash advances for parking upon arriving at the Miami International Airport job site without enough money to pay for parking. Because of his disregard of the employer’s policy for parking money advances, his supervisor was forced to drive from Fort Lauderdale to pay for his parking. Afterward, the claimant was reprimanded and, again, instructed to obtain petty cash for parking if needed. Despite being cautioned to obtain parking money in advance from the employer, on November 6, 2008, the claimant arrived at the airport construction site unable to pay for parking with only twenty dollars in his bank account. His supervisor gave him two options: to go to the bank and withdraw the twenty dollars and apply for reimbursement from the employer, or to park in the remote parking lot free of charge. The claimant said nothing more to his supervisor and failed to report to the job site. The employer had to make arrangements for another crew to come in and make up for the lost production for the day. The employer discharged the claimant the same day for not reporting to
 
 *161
 
 the job site and for not informing the employer of the fact that he was not intending to report to work.
 

 The appeals referee correctly concluded that the claimant’s actions constituted misconduct as defined under section 443.036(29). The claimant’s series of recurrent actions disregarding his obligations and duties to his job, including more than once disobeying the employer’s policies resulting in failure to report to work and failure to notify his employer of his absence, amounted to disregard of the interests of the employer.
 
 See Bozzo v. Safelite Glass Corp.,
 
 654 So.2d 1042 (Fla. 3d DCA 1995);
 
 Thurber v. Hillier & Wanless, P.A.,
 
 642 So.2d 75 (Fla. 4th DCA 1994);
 
 Barragan v. Williams Island,
 
 568 So.2d 106 (Fla. 3d DCA 1990);
 
 Nat’l Ins. Servs., Inc. v. Fla. Unemployment. Appeals Comm’n,
 
 495 So.2d 244 (Fla. 2d DCA 1986);
 
 Citrus Cent. v. Detwiler,
 
 368 So.2d 81 (Fla. 4th DCA 1979);
 
 cf. Vega v. Fla. Unemployment Appeals,
 
 833 So.2d 310 (Fla. 3d DCA 2003) (holding that employee entitled to benefits where there was no formal “call-in work rule” or other evidence that employee had been previously warned to notify his employer if he was unable to report to work).
 

 We therefore reverse the Unemployment Appeals Commission’s holding that the claimant was entitled to unemployment compensation benefits.
 

 Reversed.