80 So.3d 335 (2010)
Sonia GONZALEZ, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, et al., Appellees.
No. 3D09-2259.
District Court of Appeal of Florida, Third District.
October 20, 2010.
Order Denying Rehearing En Banc June 29, 2011.
Sonia Gonzalez in proper person.
M. Elaine Howard, for appellees.
Before WELLS, CORTIÑAS, and SALTER, JJ.
SALTER, J.

ON MOTION FOR REHEARING
On consideration of the appellee's motion for rehearing and motion for rehearing en banc, the Court grants the motion for rehearing, withdraws its opinion issued February 17, 2010, and substitutes the following opinion.
Sonia Gonzalez, a non-lawyer representing herself in this matter, appeals an order of the Florida Unemployment Appeals Commission (FUAC) dismissing as untimely her appeal of an adverse decision by an appeals referee with the Agency for Workforce Innovation. Because certain written notices issued by the Agency's Office of Appeals during the period in which a request to re-open her hearing or a notice of *336 appeal would have been timely indicated that evidentiary hearings were still underway, we find that Ms. Gonzalez's confusion as to the deadline was "occasioned by actions of the Commission" and warrants reversal and remand. Assam v. Fla. Unemployment Appeals Comm'n, 871 So.2d 978, 980 (Fla. 3d DCA 2004).

Background
Ms. Gonzalez worked for over 10 years for the employer, a day care center. In January 2009, Ms. Gonzalez and the employer vigorously disagree whether she was told by a representative of the employer that she was terminated (without further explanation) or was confronted about an alleged (though unspecified) cash discrepancy and then voluntarily walked out.
Her claim for unemployment benefits was allowed by the Agency, but the employer appealed. The Office of Appeals set a telephonic hearing regarding the claim, docket number "XXXX-XXXXXU," for March 25, 2009, but Ms. Gonzalez subsequently signed a sworn statement that she never received the notice. A review of the recorded hearing of March 25th indicates that the referee attempted unsuccessfully to call Ms. Gonzalez and then proceeded with the hearing. Based solely on the testimony provided by the employer's designees, the referee issued a decision the following day in favor of the employer and discontinuing benefits. On March 26, 2009, that decision was mailed to the parties. However, because that document contained a typographical error regarding the date upon which Ms. Gonzalez was determined to be disqualified to receive benefits, a corrected decision was certified to have been mailed by a deputy clerk of the Office of Appeals on April 7, 2009. Under applicable law and rule, a written request for reopening, or a notice of further appeal to FUAC,[1] by Ms. Gonzalez ordinarily would be required to be filed on or before April 27, 2009.
Meanwhile, however, the Office of Appeals had been issuing additional notices, each on a form nearly identical to the notices issued in docket number "XXXX-XXXXXU," and each addressed to Ms. Gonzalez and the employer and bearing Ms. Gonzalez's Social Security number. These were issued under docket number "XXXX-XXXXXE." A notice issued on March 18, 2009 (12 days after the notice of hearing Ms. Gonzalez said she never received in the companion case) advised Ms. Gonzalez that a telephonic hearing would be conducted on April 2, 2009, before a different appeals referee than the one who conducted the employer-only telephonic hearing on March 25th. The March 18 notice included Ms. Gonzalez's correct telephone number and instructed her that "you are responsible for removing any telephone service that could block the hearing officer's telephone call." The same notice also stated a few paragraphs below that:
Claimant: This hearing pertains only to the employer's tax account and will not affect your qualification for unemployment compensation benefits.
Claimant: This hearing will not affect your qualification for benefits. Your participation is not required.
On April 2, 2009, Ms. Gonzalez was sent a "Notice of Continuance" advising her *337 that "[t]he hearing for this case, which was to be held on April 2, 2009, has been postponed. When the hearing is rescheduled, a Notice of Hearing will be mailed to all parties." This notice was issued under docket number XXXX-XXXXXE, but it also bore Ms. Gonzalez's name and address as "claimant/appellee," her Social Security number, and the name and address of the "employer/appellant." Significantly, this notice carried no legend indicating that it had nothing to do with Ms. Gonzalez's pending opposition to her employer's appeal to revoke her benefits.
On April 20, 2009, the Office of Appeals sent yet another "Notice of Unemployment Compensation Telephone Hearing" to Ms. Gonzalez for April 30th.[2] The notice, again carrying docket number XXXX-XXXXXE, also carried her name and address as "claimant/appellee," her Social Security number, the name and address of her employer as "employer/appellant," and directives to Ms. Gonzalez:
FAILURE TO KEEP A TELEPHONE LINE OPEN MAY RESULT IN AN UNFAVORABLE DECISION.
Claimant telephone number: [Ms. Gonzalez's correct telephone number]. You are responsible for removing any telephone service that could block the hearing officer's telephone call.
Several paragraphs below this directive on the April 20 notice there appeared the two notices to the claimant that had appeared on the March 18 notice and quoted earlier, to the effect that the hearing would only pertain to the employer's tax account, would not affect Ms. Gonzalez's qualification for benefits, and did not require her participation. Strangely, however, the very next line stated, in English, Spanish, and Creole, that "A translator has been scheduled for the claimant only."
On May 5, 2009, Ms. Gonzalez went to the South Florida office of the Agency. From that office she faxed a handwritten summary of what she believed had occurred and asking that her case be re-opened so that she could present her evidence to the deputy clerk of the Office of Appeals. On May 12, 2009, she delivered a further handwritten request for her case to be re-opened to the same deputy clerk. The Office of Appeals and FUAC rejected these submissions as untimely, but furnished her with the form for an "Affidavit of Filing of Appeal" with the instruction to "explain circumstances surrounding the late appeal" in "(CASE 2009/15311)." Ms. Gonzalez, representing herself, filled the one and one-half inch space provided on the FUAC form to state under oath:
I, Sonia Gonzalez, with [Social Security number], hereby request to REOPEN MY CASE and allow me a hearing since the State has disqualified me to receive unemployment benefits for not being present at a hearing on the 25 day of March 2009. I NEVER received a notice for that date and that is the reason why I didn't appear.
In a sworn statement attached to the affidavit, she also proffered evidence to explain that she had not voluntarily left the job (rather, she asserted she had been fired by an employee who did not testify on behalf of the employer during the March 25 hearing in docket 2009-15311 or during the later hearing in docket 2009-14775E).
FUAC considered these submissions and entered an order determining that Ms. Gonzalez's appeal from the referee's decision[3] was not filed within 20 days, found *338 that it lacked jurisdiction to consider her attempts to appeal, and dismissed the case. Ms. Gonzalez then appealed to this Court.

Analysis
Although we have routinely upheld the:
iron-clad principle that untimely appeals to the Unemployment Compensation Commission are generally barred. Having said that, we sympathize here with the appellant's position that had the Commission not mailed out two separate letters creating two different twenty day periods, there would not have been confusion as to the appeal deadline. Florida courts under similar circumstances have excused untimeliness when occasioned by the actions of the Commission.
Assam, 871 So.2d at 980.
Indeed, there are numerous cases upholding benefits claimants' rights of fundamental due process,[4] and FUAC has correctly acknowledged that the rationale is similar to the doctrine of equitable tolling, citing Machules v. Department of Administration, 523 So.2d 1132 (Fla.1988). In that case, an employee was terminated by the Florida Department of Insurance for abandonment (missing three consecutive workdays). The employee had the right to appeal to the Department of Administration within twenty days. The employee took the notice to his union, which filed a grievance under the applicable labor agreement. The employer then set a hearing date for the grievance. Following the hearing, the grievance was denied on the basis that the employee's claim could not be asserted under the collective bargaining agreement, but instead only by appeal to the Department of Administration within the twenty days allowed by the Florida Administrative Code. The union then filed an appeal on behalf of the employee, but by that time the appeal period had expired. Our Supreme Court applied the equitable tolling doctrine, observing that the employer had "countenanced and acquiesced in the [employee's] error by participating in the grievance process until after the appeal period had run." Id. at 1134. The Court also noted the significance of the fact that the claimant was a lay person acting without counsel.
In this case, a reasonable person would think that the continuing notices of telephonic hearings meant that her case was pending and that she was being afforded additional opportunities to provide her testimony (and that of the other employee she maintains is the witness with actual knowledge of what occurred). In docket number XXXX-XXXXXU, the first decision was replaced by a second. The second was followed by notices in docket number XXXX-XXXXXE, indicating that additional evidentiary hearings would be forthcoming through and after the re-opening/appeal period. Not until Ms. Gonzalez's visit to the Agency's office on May 5th did she apparently sort out the need to file a notice seeking re-opening or review. On that very date she faxed her request to re-open the hearing to the Office of Appeals. Here, as in Machules, the employer benefiting from the time limitation was not prejudiced by the employee's delay (in Ms. Gonzalez's case, *339 eight days) in asking that the case be re-opened. Id. at 1137.
On this particular record, Ms. Gonzalez has not had an opportunity to present her evidence and has not been afforded fundamental due process. Additionally, the notices and explanations sent to her created doubt that the decision in docket number XXXX-XXXXXU of April 7, 2009, would be the final word from the Office of Appeals and would trigger her twenty-day period within which to seek to re-open or appeal the referee's decision. As late as April 30, 2009, she could reasonably have believed that her appeal was still under consideration. By May 5, 2009, only five days later, she faxed a request to re-open the employer's appeal to the Office of Appeals. FUAC's notices and instructional materials did not explain why Ms. Gonzalez would be sent a notice of another telephonic hearing (with the separate docket number but same caption in all other respects) involving the same employer and termination issues, and why any testimony she might give pursuant to that notice would have no effect in the first appeal.
Our legislature has expressly directed that the unemployment benefits statutes "shall be liberally construed in favor of a claimant of unemployment benefits who is unemployed through no fault of his or her own." Section 443.031, Fla. Stat. (2009). The Agency for Workforce Innovation and FUAC employ dedicated public servants who can find clear, simple language to explain the difference between the two types of notices when issuing a notice of hearing that only pertains to only one of the two related matters. The Agency and FUAC, no less than this Court, should strive for determinations on the merits when no prejudice has occurred and procedural due process has not been afforded.

Conclusion
For these reasons, we reverse FUAC's order of dismissal and we remand this matter with instructions that the relevant appeal, docket number XXXX-XXXXX, be re-opened for a further evidentiary hearing at which Ms. Gonzalez may present her own testimony and any other evidence she may wish to offer. We express no opinion on the merits of either party's claims regarding the unemployment benefits in question.
Reversed and remanded.
Before RAMIREZ, C.J. and GERSTEN, WELLS, SHEPHERD, SUAREZ, CORTIÑAS, ROTHENBERG, LAGOA, SALTER and EMAS, JJ.

ON MOTION FOR REHEARING EN BANC
PER CURIAM.
The Court grants the Unemployment Appeals Commission's motion to withdraw the motion for rehearing en banc. In addition, a member of this Court's motion to rehear the case en banc pursuant to Florida Rule of Appellate Procedure 9.331(d)(1) is denied.
RAMIREZ, C.J., and WELLS, SUAREZ, CORTIÑAS, ROTHENBERG, LAGOA and SALTER, JJ., concur.
SHEPHERD, J., dissenting.
After granting the Florida Unemployment Appeals Commission's motion for rehearing en banc in this case, a majority of this court today has receded from that decision.[1] The only thing that occurred in the meantime is the Florida Unemployment Appeals Commission requested this *340 court to withdraw the motion. Declining thereby to proceed, this court misunderstands its obligation.
This case arises out of a claim by Sonia Gonzalez for unemployment compensation. Ms. Gonzalez filed her claim for benefits on January 4, 2009. On January 30, 2009, the responsible agency, the Agency for Workforce Innovation (AWI), issued its Notice of Determination, granting unemployment compensation to Ms. Gonzalez. This determination was made solely on the strength of a determination that Ms. Gonzalez was monetarily eligible for benefits.[2]
Unbeknownst to Ms. Gonzalez, the AWI, on February 2, 2009, issued a separate Notice of Determination to the employer, advising that the benefits being paid would be charged to the employer for unemployment tax accounting purposes. See § 443.131(3)(a), Fla. Stat. (2010); Fla. Admin. Code Ann. R. 60BB-2.026, 3.018. On February 10, 2009, the Employer appealed to the AWI Office of Appeals the AWI's January 30, 2009, determination that Ms. Gonzalez was entitled to benefits. See § 443.151(4)(b)1, Fla. Stat. (2010). According to the employer, Ms. Gonzalez was discharged because she had pilfered tuition money from her employer, the Lincoln Marti Schools. See F.R. Aleman & Assocs., Inc. v. Cisneros, 35 So.3d 158 (Fla. 3d DCA 2010) (discussing disqualification from benefits connected with misconduct). This case was assigned Case Number XXXX-XXXXXU. On March 6, 2009, the Office of Appeals mailed a hearing notice to Ms. Gonzalez at the address provided on her claim, scheduling a hearing in Case Number XXXX-XXXXXU for March 25, 2009. Ms Gonzalez states she did not receive this notice.
On March 18, 2009, Ms. Gonzalez received a notice, bearing Case Number XXXX-XXXXXE, from the AWI Office of Appeals, setting a telephonic hearing for April 2, 2009, on an appeal taken by the employer from the February 2, 2009, determination advising that the benefits paid to Ms. Gonzalez would be charged to the employer.[3] This notice constituted the first indication to Ms. Gonzalez that the employer had appealed that determination (in addition to the appeal filed in Case Number XXXX-XXXXXU).
Meanwhile, the March 25, 2009, hearing in Case Number XXXX-XXXXXU, proceeded as scheduled. The only party to appear was the employer. The next day, the Office of Appeals issued a decision finding Ms. Gonzalez ineligible to receive benefits based upon employee misconduct. See § 443.036(29), Fla. Stat. (2010). The decision *341 advised her that it "will become final unless a written request for review or reopening is filed within 20 calendar days after the mailing date shown." See § 443.151(4)(b)1, Fla. Stat. (2010). It also advised, "A party who did not attend the hearing for good cause may request reopening. . . by writing to [the Office of Appeals]." Finally, this decision stated:
[T]he time to request review of this decision is as shown above and is not stopped, delayed or extended by any other determination, decision or order.
(emphasis added).
On April 7, 2009, Ms. Gonzalez received a "Corrected Decision" from the AWI Office of Appeals in this same case, Case Number XXXX-XXXXXU, which was identical to the March 26, 2009, decision in all respects except for correcting an error in the commencement date for calculating wage payments toward a future unemployment claim. The Corrected Decision again warned:
[T]he time to request review of this decision is as shown above [20 days from the mailing date on the notice] and it's not stopped, delayed or extended by any other determination, decision or order.
(emphasis added). Ms. Gonzalez has never asserted she did not receive these communications.
On April 2, 2009, Ms. Gonzalez attended, by telephone, the hearing from the appeal taken by the employer from the February 2, 2009, determination, Case Number XXXX-XXXXXE. The hearing did not conclude on that date, and was scheduled for completion on April 30, 2009. Ms. Gonzalez states she did not "talk at all" during the April 2, 2009, hearing and did not receive an anticipated telephone call from the Office of Appeals to participate in the April 30, 2009, hearing.[4]
Then, on May 5, 2009, Ms. Gonzalez faxed a letter, handwritten by her in Spanish, to the regional office of the AWI Office of Appeals in Fort Lauderdale, requesting that "Case 2009/15311" be reopened. Her sole reason to support her plea was, "I did not receive the appointment," referring to the notice for the March 25, 2009, hearing. By her own account, the only source available to her for the case number referenced in her May 5, 2009, letter was the "March 26, 2009, decision," or the April 7, 2009, "Corrected Decision," both of which expressly warned her that "the time to request review of this decision is as shown above and is not stopped, delayed or extended by any other determination, decision or order."[5]
*342 On May 29, 2009, she filed a similar letter with the Florida Unemployment Appeals Commission, again handwritten in Spanish, requesting her case be re-opened. In response to the Commission's order to show cause why her appeal to the Commission should not be dismissed as untimely, Ms. Gonzalez replied by sworn affidavit as follows:
CASE 2009/15311
I, Sonia Gonzalez, with SS # [] hereby request to REOPEN MY CASE and allow me a hearing since the State has disqualified me to receive unemployment benefits for not being present at a hearing on the 25 day of March/2009. I NEVER received a notice for that date and that is the reason why I did not appear.
/s/Sonia Gonzalez Date: 7/11/09
On appeal, a panel of this court found that despite being twice advised she had twenty days to seek review of the decision rendered against her in Case Number XXXX-XXXXXU, she was "confused" by the receipt of two hearing notices in Case Number XXXX-XXXXXE during the appeal period in Case Number XXXX-XXXXXU and, on that basis, ordered her case re-opened on the merits.[6]

ANALYSIS
A cursory review of the record reveals the majority opinion in this case springs fully formed from the brow of the panel without any legal parentage. There is no evidence of "confusion" on Ms. Gonzalez's part "as to the deadline" by which she was required to file her appeal from the AWI Office of Appeals decision in Case Number XXXX-XXXXXU, much less that her failure to timely file was caused by "actions of the Commission," see Majority Op. p. 336. In the end, the majority nimbly withdraws from this view, admitting its decision is based, not on fact, but rather upon what it believes a "reasonable person" in Ms. Gonzalez's circumstance "would think," see Majority Op. p. 338, or "could reasonably have believed," see Majority Op. p. 339. Based upon this speculation, the panel reverses the Florida Unemployment Appeals Commission order finding her appeal to be jurisdictionally barred.
If the panel opinion in this case simply was marked by some of the more benign forms of judicial mischief that occasionally afflict appellate decision-makingthat appellate courts are not fact finders or that appellate courts should not do business based upon speculation, both of which are applicable hereI might not protest. After all, appellate court judges should not use dissents from en banc denials to make themselves a fourth member of a panel. However, when an appellate panel mortally errsin this case, by failing to acknowledge and address this court's own precedentthe rule yields.
The panel opinion in this case ignores decades of precedent from this court. See, e.g., McGlond v. Fla. Unemployment Appeals Comm'n, 43 So.3d 141 (Fla. 3d DCA 2010) (relying on Espinosa v. Cableoptics, Inc., 807 So.2d 195 (Fla. 3d DCA 2002), which holds that because Espinosa did not claim the referee's decision was not mailed to him or mailed to him untimely, no due process ground was alleged entitling Espinosa to an evidentiary hearing on the issue of timeliness); accord Madueno v. Home Enter. Design, 18 So.3d 1257 (Fla. 3d DCA 2009) (Cope, Suarez, and Salter, JJ.); accord Ambrister v. Fla. Unemployment Appeals Comm'n, 968 So.2d 623 (Fla. 3d DCA *343 2007) (Gersten, C.J., Cope, and Salter, JJ.); accord Banos-Hill v. Fla. Unemployment Appeals Comm'n, 967 So.2d 359 (Fla. 3d DCA 2007); Molina v. Home Depot USA, Inc., 941 So.2d 460 (Fla. 3d DCA 2006) (affirming dismissal of appeal where Molina did not dispute his appeal was untimely or that he timely received the referee's decision); Malary v. Brinker Int'l Payroll, 898 So.2d 1184 (Fla. 3d DCA 2005) (affirming decision of Unemployment Appeals Commission where Malary did not claim he did not receive the appeals referee's decision or that he received it too late to file a timely reply and upholding dismissal of appeal on the basis it was not filed within twenty days of the date the referee's decision was mailed to Malary); accord Calderon v. Publix Super Mkts., Inc., 906 So.2d 1138 (Fla. 3d DCA 2005); accord Lopez v. Am. Airlines, 876 So.2d 1217 (Fla. 3d DCA 2004); Horvath v. Fla. Unemployment Appeals Comm'n, 886 So.2d 260 (Fla. 3d DCA 2004) (affirming on the basis of Espinosa); accord Butler v. Fla. Unemployment Appeals Comm'n, 880 So.2d 1291 (Fla. 3d DCA 2004); Delgado v. Concentrated Chem. Co., 644 So.2d 173, 174 (Fla. 3d DCA 1994) (acknowledging that, on occasion, appellate courts will "carve out exceptions" to the twenty-day rule in cases where there is a due process violation, such as where the employee alleged he never received the decision he sought to appeal or he received the decision after the appeal time expired). It strains credulity to think the panel's failure to provide an answer to the glaringly obvious problems posed to it by these cases is inadvertent. The only plausible answer is that it does not have one.
Stare decisis mandates one panel of a district court of appeal may not overrule the decision of another. In re R. 9.331, Determination of Causes by a Dist. Ct. of App. En Banc, Fla. R. of App. P., 416 So.2d 1127, 1128 (Fla.1982) ("[T]he suggestion that each three-judge panel may rule indiscriminately without regard to previous decisions of the same court is totally inconsistent with the philosophy of a strong district court of appeal which possesses the responsibility to set the law within its district."). The doctrine "is a first principle in the administration of justice . . . one of the most sacred in the law." Tyson v. Mattair, 8 Fla. 107, 124 (1858). A court which dishonors this principle is one destined to lose the confidence of the people it was created to serve. Having once recognized its obligation, this court fails in its duty by abandoning that obligation in this case.
I would order rehearing en banc and affirm the July 20, 2009, decision of the Florida Unemployment Appeals Commission, which affirmed the referee's decision and dismissed Ms. Gonzalez's appeal as untimely.
GERSTEN and EMAS, JJ., concur.

APPENDIX
*344 
NOTES
[1] As the Agency's "Appeals Information" brochure, AWI Form Bulletin 6E (Rev. 08/07), describes, a claimant who has missed a hearing for non-notice or other compelling reason "may request re-opening within twenty calendar days after the decision was mailed." That request is sent to the Office of Appeals, not FUAC. During the same period, the claimant can appeal the referee's findings and decision, but that notice is to be sent to FUAC.
[2] The date for this scheduled hearing was three days after FUAC maintains Ms. Gonzalez's time to re-open or appeal had expired in docket number XXXX-XXXXXU.
[3] The FUAC order does not specify whether it counted 20 days from the original decision of March 26 or from the corrected decision of April 7, 2009, but Ms. Gonzalez's appeal and request to re-open was faxed May 5, 2009 and would be late if either date controlled. Her appeal and request to re-open was timely, however, if the April 20, 2009 notice of hearing created confusion regarding the continued pendency of her claim for benefits and request to testify.
[4] See Frederick v. Fla. Unemployment Appeals Comm'n, 834 So.2d 957, 958 (Fla. 3d DCA 2003), and the cases cited there.
[1] An alternative motion by a member of this court requesting it rehear this matter "on its own motion" also was denied by a majority of this court. See Fla. R.App. P. 9.331(d).
[2] Under Florida law, a determination whether a claimant is entitled to unemployment compensation is dual-pronged. First, a claimant must be shown to be monetarily eligible to receive benefits. See § 443.036(30), Fla. Stat. (2010). To be monetarily eligible, a claimant must have been paid at least $3400 in wages during the first four of the last five completed calendar quarters prior to the effective date of the claim. See §§ 443.091(1)(g); 443.111(2)(b), Fla. Stat. (2010). The second prong is a non-monetary determination. A non-monetary determination encompasses all other considerations which bear on claimant eligibility, notably whether the claimed misfortune is attributable to disqualifying misconduct. See § 443.036(29), (31), Fla. Stat. (2010). For reasons of expediency, compensation routinely flows based solely upon first prong monetary eligibility determined from AWI accessible wage records. Should it later be determined that a claimant was not entitled to benefits, the claimant is required to repay the sums received. See § 443.151(6)(b), Fla. Stat. (2010).
[3] As a claimant, Ms. Gonzalez is an interested party entitled to notice of the proceedings in Case Number XXXX-XXXXXE. See Fla. Admin. Code Ann. R. 60BB-6.005 (providing that "[a]ll interested parties shall be notified in writing of the pendency of review by the Commission").
[4] Hearings conducted by the AWI Office of Appeals are routinely conducted by telephone call initiated by the appeals referee. Fla. Admin. Code Ann. R. 60BB-5.014. The AWI Form UCA Bulletin sent to all participants directs them to contact the deputy clerk at a phone number provided in the "Notice of Unemployment Compensation Telephone Hearing," in the event of a communications problem. There is no evidence Ms. Gonzalez availed herself of this option on April 30, 2009.
[5] The panel opinion states the Florida Unemployment Appeals Commission considered Ms. Gonzalez's May 5, 2009, letter in reaching its decision to dismiss her appeal to the Commission as untimely. See Majority Op. p. 337. This is incorrect. This letter was not a part of the record before the Commission. Rather, it is an attachment to Ms. Gonzalez's Notice of Appeal to this court. It is, of course, improper for it to be considered in support of the panel reversal. See Rojas v. Medley Hardwoods, Inc., 23 So.3d 188, 190 (Fla. 1st DCA 2009) (citing Altchiler v. State, 442 So.2d 349, 350 (Fla. 1st DCA 1983) ("It is fundamental that an appellate court reviews determinations of lower tribunals based on the records established in the lower tribunals.")).
[6] For the convenience of the reader, a chronological history of the relevant events appears in the appendix to this opinion.