SHEPHERD, J.,
dissenting.
After granting the Florida Unemployment Appeals Commission’s motion for rehearing en banc in this case, a majority of this court today has receded from that decision.[1] The only thing that occurred in the meantime is the Florida Unemployment Appeals Commission requested this *340 court to withdraw the motion. Declining thereby to proceed, this court misunderstands its obligation.
This case arises out of a claim by Sonia Gonzalez for unemployment compensation. Ms. Gonzalez filed her claim for benefits on January 4, 2009. On January 30, 2009, the responsible agency, the Agency for Workforce Innovation (AWI), issued its Notice of Determination, granting unemployment compensation to Ms. Gonzalez. This determination was made solely on the strength of a determination that Ms. Gonzalez was monetarily eligible for benefits.[2]
Unbeknownst to Ms. Gonzalez, the AWI, on February 2, 2009, issued a separate Notice of Determination to the employer, advising that the benefits being paid would be charged to the employer for unemployment tax accounting purposes. See § 443.131(3)(a), Fla. Stat. (2010); Fla. Admin. Code Ann. R. 60BB-2.026, 3.018. On February 10, 2009, the Employer appealed to the AWI Office of Appeals the AWI’s January 30, 2009, determination that Ms. Gonzalez was entitled to benefits. See § 443.151(4)(b)l, Fla. Stat. (2010). According to the employer, Ms. Gonzalez was discharged because she had pilfered tuition money from her employer, the Lincoln Marti Schools. See F.R. Aleman & Assocs., Inc. v. Cisneros, 35 So.3d 158 (Fla. 3d DCA 2010) (discussing disqualification from benefits connected with misconduct). This case was assigned Case Number 2009-15311U. On March 6, 2009, the Office of Appeals mailed a hearing notice to Ms. Gonzalez at the address provided on her claim, scheduling a hearing in Case Number 2008-15311U for March 25, 2009. Ms Gonzalez states she did not receive this notice.
On March 18, 2009, Ms. Gonzalez received a notice, bearing Case Number 2009-14775E, from the AWI Office of Appeals, setting a telephonic hearing for April 2, 2009, on an appeal taken by the employer from the February 2, 2009, determination advising that the benefits paid to Ms. Gonzalez would be charged to the employer.[3] This notice constituted the first indication to Ms. Gonzalez that the employer had appealed that determination (in addition to the appeal filed in Case Number 2009-15311U).
Meanwhile, the March 25, 2009, hearing in Case Number 2009-15311U, proceeded as scheduled. The only party to appear was the employer. The next day, the Office of Appeals issued a decision finding Ms. Gonzalez ineligible to receive benefits based upon employee misconduct. See § 443.036(29), Fla. Stat. (2010). The deci *341 sion advised her that it “will become final unless a written request for review or reopening is filed within 20 calendar days after the mailing date shown.” See § 443.151(4)(b)l, Fla. Stat. (2010). It also advised, “A party who did not attend the hearing for good cause may request reopening ... by writing to [the Office of Appeals].” Finally, this decision stated:
[T]he time to request review of this decision is as shown above and is not stopped, delayed or extended by any other determination, decision or order.
(emphasis added).
On April 7, 2009, Ms. Gonzalez received a “Corrected Decision” from the AWI Office of Appeals in this same case, Case Number 2009-15S11U, which was identical to the March 26, 2009, decision in all respects except for correcting an error in the commencement date for calculating wage payments toward a future unemployment claim. The Corrected Decision again warned:
[T]he time to request review of this decision is as shown above [20 days from the mailing date on the notice] and it’s not stopped, delayed or extended by any other determination, decision or order.
(emphasis added). Ms. Gonzalez has never asserted she did not receive these communications.
On April 2, 2009, Ms. Gonzalez attended, by telephone, the hearing from the appeal taken by the employer from the February 2, 2009, determination, Case Number 2009-14775E. The hearing did not conclude on that date, and was scheduled for completion on April 30, 2009. Ms. Gonzalez states she did not “talk at all” during the April 2, 2009, hearing and did not receive an anticipated telephone call from the Office of Appeals to participate in the April 30, 2009, hearing.[4]
Then, on May 5, 2009, Ms. Gonzalez faxed a letter, handwritten by her in Spanish, to the regional office of the AWI Office of Appeals in Fort Lauderdale, requesting that “Case 2009/15311” be reopened. Her sole reason to support her plea was, “I did not receive the appointment,” referring to the notice for the March 25, 2009, hearing. By her own account, the only source available to her for the case number referenced in her May 5, 2009, letter was the “March 26, 2009, decision,” or the April 7, 2009, “Corrected Decision,” both of which expressly warned her that “the time to request review of this decision is as shown above and is not stopped, delayed or extended by any other determination, decision or order.”[5]
*342 On May 29, 2009, she filed a similar letter with the Florida Unemployment Appeals Commission, again handwritten in Spanish, requesting her case be re-opened. In response to the Commission’s order to show cause why her appeal to the Commission should not be dismissed as untimely, Ms. Gonzalez replied by sworn affidavit as follows:
CASE 2009/15311
I, Sonia Gonzalez, with SS # [ ] hereby request to REOPEN MY CASE and allow me a hearing since the State has disqualified me to receive unemployment benefits for not being present at a hearing on the 25 day of March/2009. I NEVER received a notice for that date and that is the reason why I did not appear.
/s/Sonia Gonzalez Date: 7/11/09
On appeal, a panel of this court found that despite being twice advised she had twenty days to seek review of the decision rendered against her in Case Number 2009-15311U, she was “confused” by the receipt of two hearing notices in Case Number 2009-14775E during the appeal period in Case Number 2009-15311U and, on that basis, ordered her case re-opened on the merits.[6]
ANALYSIS
A cursory review of the record reveals the majority opinion in this case springs fully formed from the brow of the panel without any legal parentage. There is no evidence of “confusion” on Ms. Gonzalez’s part “as to the deadline” by which she was required to file her appeal from the AWI Office of Appeals decision in Case Number 2009-15311U, much less that her failure to timely file was caused by “actions of the Commission,” see Majority Op. p. 336. In the end, the majority nimbly withdraws from this view, admitting its decision is based, not on fact, but rather upon what it believes a “reasonable person” in Ms. Gonzalez’s circumstance “would think,” see Majority Op. p. 338, or “could reasonably have believed,” see Majority Op. p. 339. Based upon this speculation, the panel reverses the Florida Unemployment Appeals Commission order finding her appeal to be jurisdictionally barred.
If the panel opinion in this case simply was marked by some of the more benign forms of judicial mischief that occasionally afflict appellate decision-making — that appellate courts are not fact finders or that appellate courts should not do business based upon speculation, both of which are applicable here — I might not protest. After all, appellate court judges should not use dissents from en banc denials to make themselves a fourth member of a panel. However, when an appellate panel mortally errs — in this case, by failing to acknowledge and address this court’s own precedent — the rule yields.
The panel opinion in this case ignores decades of precedent from this court. See, e.g., McGlond v. Fla. Unemployment Appeals Comm’n, 43 So.3d 141 (Fla. 3d DCA 2010) (relying on Espinosa v. Cableoptics, Inc., 807 So.2d 195 (Fla. 3d DCA 2002), which holds that because Espinosa did not claim the referee’s decision was not mailed to him or mailed to him untimely, no due process ground was alleged entitling Espi-nosa to an evidentiary hearing on the issue of timeliness); accord Madueno v. Home Enter. Design, 18 So.3d 1257 (Fla. 3d DCA 2009) (Cope, Suarez, and Salter, JJ.); accord Ambrister v. Fla. Unemployment Appeals Comm’n, 968 So.2d 623 (Fla. 3d DCA *343 2007) (Gersten, C.J., Cope, and Salter, JJ.); accord Banos-Hill v. Fla. Unemployment Appeals Comm’n, 967 So.2d 359 (Fla. 3d DCA 2007); Molina v. Home Depot USA, Inc., 941 So.2d 460 (Fla. 3d DCA 2006) (affirming dismissal of appeal where Molina did not dispute his appeal was untimely or that he timely received the referee’s decision); Malary v. Brinker Int’l Payroll, 898 So.2d 1184 (Fla. 3d DCA 2005) (affirming decision of Unemployment Appeals Commission where Malary did not claim he did not receive the appeals referee’s decision or that he received it too late to file a timely reply and upholding dismissal of appeal on the basis it was not filed within twenty days of the date the referee’s decision was mailed to Malary); accord Calderon v. Publix Super Mkts., Inc., 906 So.2d 1138 (Fla. 3d DCA 2005); accord Lopez v. Am. Airlines, 876 So.2d 1217 (Fla. 3d DCA 2004); Horvath v. Fla. Unemployment Appeals Comm’n, 886 So.2d 260 (Fla. 3d DCA 2004) (affirming on the basis of Espinosa); accord Butler v. Fla. Unemployment Appeals Comm’n, 880 So.2d 1291 (Fla. 3d DCA 2004); Delgado v. Concentrated Chem. Co., 644 So.2d 173, 174 (Fla. 3d DCA 1994) (acknowledging that, on occasion, appellate courts will “carve out exceptions” to the twenty-day rule in eases where there is a due process violation, such as where the employee alleged he never received the decision he sought to appeal or he received the decision after the appeal time expired). It strains credulity to think the panel’s failure to provide an answer to the glaringly obvious problems posed to it by these cases is inadvertent. The only plausible answer is that it does not have one.
Stare decisis mandates one panel of a district court of appeal may not overrule the decision of another. In re R. 9.331, Determination of Causes by a Dist. Ct. of App. En Banc, Fla. R. of App. P., 416 So.2d 1127, 1128 (Fla.1982) (“[T]he suggestion that each three-judge panel may rule indiscriminately without regard to previous decisions of the same court is totally inconsistent with the philosophy of a strong district court of appeal which possesses the responsibility to set the law within its district.”). The doctrine “is a first principle in the administration of justice — ... one of the most sacred in the law.” Tyson v. Mattair, 8 Fla. 107, 124 (1858). A court which dishonors this principle is one destined to lose the confidence of the people it was created to serve. Having once recognized its obligation, this court fails in its duty by abandoning that obligation in this case.
I would order rehearing en banc and affirm the July 20, 2009, decision of the Florida Unemployment Appeals Commission, which affirmed the referee’s decision and dismissed Ms. Gonzalez’s appeal as untimely.
GERSTEN and EMAS, JJ., concur.
APPENDIX
*344 [[Image here]]

. An alternative motion by a member of this court requesting it rehear this matter "on its own motion” also was denied by a majority of this court. See Fla. R.App. P. 9.331(d).

. Under Florida law, a determination whether a claimant is entitled to unemployment compensation is dual-pronged. First, a claimant must be shown to be monetarily eligible to receive benefits. See § 443.036(30), Fla. Stat. (2010). To be monetarily eligible, a claimant must have been paid at least $3400 in wages during the first four of the last five completed calendar quarters prior to the effective date of the claim. See §§ 443.091 (1 )(g); 443.11 l(2)(b), Fla. Stat. (2010). The second prong is a non-monetary determination. A non-monetary determination encompasses all other considerations which bear on claimant eligibility, notably whether the claimed misfortune is attributable to disqualifying misconduct. See § 443.036(29), (31), Fla. Stat. (2010). For reasons of expediency, compensation routinely flows based solely upon first prong monetary eligibility determined from AWI accessible wage records. Should it later be determined that a claimant was not entitled to benefits, the claimant is required to repay the sums received. See § 443.151 (6)(b), Fla. Stat. (2010).

. As a claimant, Ms. Gonzalez is an interested party entitled to notice of the proceedings in Case Number 2009-14775 E. See Fla. Admin. Code Ann. R. 60BB-6.005 (providing that "[a]ll interested parties shall be notified in writing of the pendency of review by the Commission”).

. Hearings conducted by the AWI Office of Appeals are routinely conducted by telephone call initiated by the appeals referee. Fla. Admin. Code Ann. R. 60BB-5.014. The AWI Form UCA Bulletin sent to all participants directs them to contact the deputy clerk at a phone number provided in the “Notice of Unemployment Compensation Telephone Hearing,” in the event of a communications problem. There is no evidence Ms. Gonzalez availed herself of this option on April 30, 2009.

. The panel opinion states the Florida Unemployment Appeals Commission considered Ms. Gonzalez’s May 5, 2009, letter in reaching its decision to dismiss her appeal to the Commission as untimely. See Majority Op. p. 337. This is incorrect. This letter was not a part of the record before the Commission. Rather, it is an attachment to Ms. Gonzalez's Notice of Appeal to this court. It is, of course, improper for it to be considered in support of the panel reversal. See Rojas v. Medley Hardwoods, Inc., 23 So.3d 188, 190 (Fla. 1st DCA 2009) (citing Altchiler v. State, 442 So.2d 349, 350 (Fla. 1st DCA 1983) (“It is fundamental that an appellate court reviews determinations of lower tribunals based on the records established in the lower tribunals.”)).

. For the convenience of the reader, a chronological history of the relevant events appears in the appendix to this opinion.